249 N.J. Super. 96 (1991)
592 A.2d 20
JOHN H. CLEVELAND, PLAINTIFF-APPELLANT,
v.
MARGARET S. CLEVELAND, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 13, 1991.
Decided June 25, 1991.
*97 Before Judges J.H. COLEMAN and ASHBEY.
Maria P. Imbalzano argued the cause for appellant (Stark & Stark, attorneys; Patricia M. Agoes, on the brief).
Marilyn L. Kline argued the cause for respondent (Jamieson, Moore, Peskin & Spicer, attorneys; Marilyn L. Kline, of counsel and on the brief).
The opinion of the court was delivered by ASHBEY, J.A.D.
*98 Plaintiff father appeals from those terms of a family court order which increased his child support obligation from $120 a week to $186.23 per week, ordered that he pay 75% of necessary orthodontic and counseling costs of the children, and ordered him to pay defendant's legal fees of $450.[1] We affirm.
Plaintiff, John H. Cleveland, and defendant, Margaret Cleveland, were married on December 14, 1974. The parties had two children now aged 17 and 14. After the parties' separation, but before the divorce, plaintiff was injured. Defendant, who had custody of both children, was obliged to dispose of all her assets. The children lived with relatives. Plaintiff claimed that during that time he had provided direct support for the children, but no support order was entered until May 1983, when an order for $25 a week was obtained on behalf of the children.
In 1984 defendant learned from a newspaper article that plaintiff's lawsuit concerning his injury had resulted in a settlement, amounting to $5.1 million dollars. At that time she did not know the settlement's actual amount or its terms.[2]
In 1987 plaintiff became eligible to receive Social Security, which included a sum for his children. Plaintiff stopped paying $25 a week, and defendant filed for an increase in child support.[3] On July 5, 1988, plaintiff was ordered to pay $120 per week, $60 per child, based on plaintiff's then imputed income of $1,966 per month which did not include the tort recovery periodic lump sums. Although it was known that plaintiff had *99 received $92,500, his first tort-settlement distribution, plaintiff had spent that money. The 1988 order further provided:
Plaintiff's personal injury settlement lump sum payments shall be considered part of plaintiff's income flow in the determination of child support. Plaintiff shall provide defendant with all information pertaining to his personal injury settlement. The Court hereby reserves the issue of an increase in child support in December 1989 in the event the parties cannot reach an agreement on an upward adjustment of plaintiff's child support obligation to take effect at that time.
Plaintiff did not appeal from that 1988 order. Ultimately the parties did not agree, and after plaintiff's scheduled January 1990 tort-settlement distribution, defendant filed for another increase.
In January 1990, plaintiff had received a distribution of $110,000. He was also scheduled to receive additional lump sum payments of $220,000 in January 1995; $330,000 in January 2000; $440,000 in January 2005; $550,000 in January 2010 and $660,000 in January 2015. This structured settlement was apparently purchased with an $800,000 lump sum.
The judge determined that plaintiff's available monthly 1990 income, not subject to tax, was $4,092.25, itemized as follows:

 $1,216.25 ($1,000/mo. at 4% per year for 20 years)
 166.69 ($2,000/yr. for 33 years)
 1,833.33 ($110,000 divided by 60 months)
 876.00 (social security benefits).

The judge found that defendant earned $899.10 per month and received social security benefits on behalf of the children in the amount of $324 per month. Excluding these social security benefits, the judge found the combined net income of the parties was $1,160.18 per week. Using the maximum child support guidelines limit of $1,000 combined parental weekly net income, the judge set $319 as parental support for two children and multiplied it by plaintiff's proportionate share, 82%.[4] This *100 resulted in a $261.58 child support obligation for plaintiff. The judge then reduced this sum by $324 per month, representing the children's social security benefits, or $75.35 per week, resulting in plaintiff's net child support obligation of $186.23 per week.
Before the motion judge, plaintiff conceded he had $60,000 in savings on which he was earning approximately $33 per week in interest. He had also acquired a house and other assets from the proceeds of the earlier settlement distribution. Plaintiff primarily argued before the judge that it was error to consider his personal injury award as income when determining the child support order, reasoning that personal injury awards are "uniquely personal as compensation for injuries." In the alternative, plaintiff also argued that only those portions meant to compensate him for lost wages should be considered in a child support analysis.[5]
We first note that this latest order was just an implementation of the earlier one. Arguably, plaintiff, having failed to challenge the 1988 order, is precluded under R. 2:4-1a from challenging it in this appeal. We nonetheless consider the merits of plaintiff's original contention, primarily because of evident confusion between child support guidelines under the rules and plaintiff's statutory obligation.
N.J.S.A. 2A:34-23a sets forth the extent of plaintiff's obligation. A court considering parental obligation for child support must consider the following in "those cases not governed by court rule":
(1) Needs of the child;
(2) Standard of living and economic circumstances of each parent;
(3) All sources of income and assets of each parent;
(4) Earning ability of each parent, including educational background, training, employment skills, work experience, custodial responsibility for children including the cost of providing child care and the length of time and cost of each parent to obtain training or experience for appropriate employment;

*101 (5) Need and capacity of the child for education, including higher education;
(6) Age and health of the child and each parent;
(7) Income, assets and earning ability of the child;
(8) Responsibility of the parents for the court-ordered support of others;
(9) Reasonable debts and liabilities of each child and parent; and
(10) Any other factors the court may deem relevant.
N.J.S.A. 2A:34-23a (emphasis added). See Innes v. Innes, 117 N.J. 496, 508-509, 569 A.2d 770 (1990).
Clearly the Legislature intended that child support be based upon total family resources. Plaintiff's reliance upon equitable distribution cases, Landwehr v. Landwehr, 111 N.J. 491, 545 A.2d 738 (1988) and Lentini v. Lentini, 236 N.J. Super. 233, 565 A.2d 701 (App.Div. 1989), to exclude his tort recovery from income, is misplaced. Equitable distribution between spouses is based upon different concepts. Assets otherwise immune from equitable distribution, for instance, may be considered in a child support analysis. They may even be considered to provide retroactive child support. See Weitzman v. Weitzman, 228 N.J. Super. 346, 549 A.2d 888 (App.Div. 1988), certif. denied, 114 N.J. 505, 555 A.2d 623 (1989).
Contrary to plaintiff's assertions, child support is also different from spousal support. Cf. Zazzo v. Zazzo, 245 N.J. Super. 124, 130-31, 584 A.2d 281 (App.Div. 1990). Plaintiff's reliance on our holding in Aronson v. Aronson, 245 N.J. Super. 354, 585 A.2d 956 (App.Div. 1991), is misplaced. We there held that an inheritance may be exempt from distribution between spouses, but the income therefrom may be used to determine whether alimony was needed. Id. at 363, 585 A.2d 956. Again the issue concerned the obligations between spouses. Those obligations are governed by different statutory criteria. Compare N.J.S.A. 2A:34-23a  23b. See also Essex County Division of Welfare v. O.J., et al., 246 N.J. Super. 537, 543-546, 588 A.2d 403 (App.Div. 1991) (State and Federal Aid For Dependent Children (AFDC) regulations require a child recipient to exhaust tort recovery as a condition of further assistance). We see nothing in the law of child support which would not similarly require *102 that all a parent's resources be considered available for the support of the children.
Having found that plaintiff's recovery is a proper resource to satisfy his obligation, we must now examine whether the application of child support guidelines was appropriate. See In re Marriage of Fain, 794 P.2d 1086 (Colo. App. 1990); Ecklund v. Ecklund, 513 So.2d 383 (La. App. 1987). Despite plaintiff's reliance upon the law of spousal support and equitable distribution, this may be plaintiff's entire claim.[6]
Although there are some differences between the applicable 1988 support guidelines and those effective in January 1989, which governed the 1990 motion, such differences are not material. The Child Support Guidelines, Appendix IX-E:B(1)(9) and (15), appended to the Current N.J. Court Rules, specifically provided that a parental obligor's "gross income" includes annuities. An annuity includes principal. Aronson, supra, 245 N.J. Super. at 364 n. 2, 585 A.2d 956.
Plaintiff receives a lump sum every five years. The court allocated that sum as if received monthly until the next distribution. Plaintiff was thus ordered to pay a $66 a week increase, based on an imputed annual income of $22,000. We are satisfied that there was nothing "unfair" in that method of allocation. One may reasonably assume that plaintiff could have made far more than $22,000 a year had he elected to receive and invest a lump sum, in light of the fact that such an income would represent a 2% return on an investment of $800,000. As a parent he may not rely upon his voluntary choice of not electing to receive a lump sum to avoid his parental obligation, absent some compelling reason. See Aronson, supra, 245 N.J. Super. at 364-365, 585 A.2d 956.
Moreover, if the order was unjust, plaintiff failed to show how. The Guidelines, Appendix IX-A(3)(e), specifically provide *103 that a parent's medical expenses may be considered as a factor not otherwise accounted for in the scheduled support. Plaintiff failed to provide the court with any evidence that he needed to preserve some portion of the principal which was being imputed to him for medical expense or any other reason. If plaintiff relied on R. 5:6A, providing that, "[t]he guidelines may be modified or disregarded by the court only where good cause is shown" and respecting the "injustice" of the result, he limited his argument to an asserted legal, not factual, injustice.
We agree with plaintiff that the order did not comply with the Rules. Appendix IX-A(1)(b) provided in 1990 (and provides now) that the guidelines are to be applied up to a combined net family income of $52,000. After that, the court is to supplement the support ordered, if needed, based upon the remaining family income and the factors enumerated in N.J.S.A. 2A:34-23a. The first factor to be considered in that statute is the "needs of the child." In this case, the combined family income as found by the judge was $59,895. Therefore, there should have been an examination of the needs of the children for support out of the parental income above the $52,000. Plaintiff can scarcely complain, however, in light of the fact that the judge's order did not exceed that for a combined annual parental income of $52,000, and there is no cross-appeal.[7]
We reject plaintiff's contention that he was more than meeting the needs of the children with the prior order. That claim was based on defendant's budget which reflected the needs of the children at a poverty level. To limit a support order to that level of need did not accord with plaintiff's duty to support his children in light of his improved circumstances. Zazzo, supra, 245 N.J. Super. at 130, 584 A.2d 281.
*104 Given the age of the eldest child, it may be anticipated that another change of circumstance is imminent. Upon any new application, the child support guidelines should be applied, including, where applicable, statutory standards above the guidelines, which include a determination of need. Plaintiff may also make a properly supported claim that portions of principal are needed by him as "good cause" to modify the use of the guidelines. The current instructions, however, provide that the amount of child support determined by the application of the guidelines is presumed correct. Appendix IX-E:A(1), as amended, effective September 1990. Pressler, Current N.J. Court Rules, R. 5:6A Comment (1991).
We find no merit in plaintiff's challenge to the counsel fee award of $450. Defendant's available income was under $10,000. The children's social security income cannot be used to calculate her ability to pay her counsel to obtain support for them. Plaintiff had both tax-free income and $110,000 to invest, exclusive of prior investments and the value of assets he purchased with his earlier distribution.
Affirmed.
NOTES
[1] Plaintiff's points on appeal do not refer specifically to the portion of the order relating to health costs.
[2] Later she was advised that plaintiff would receive $1,000 a month, beginning February 1985, increasing at 4% per year for 20 years, plus $2,000 a year for 33 years and lump sums beginning January 1990 to January 2015, the amounts of which were blocked out.
[3] Defendant also moved for equitable distribution of the settlement. That application was denied in an order which has not been appealed from.
[4] The judge used Appendix IX-C listing for support of two children out of $1,000 combined weekly available income a range of from $289 to $319 (1991 figures are $292 to $322).
[5] On appeal plaintiff modified this argument. See infra.
[6] In his reply brief, plaintiff said that he "readily concedes the annuity proceeds were available for child support," urging instead that the order in question was "unfair."
[7] The judge properly allocated the social security payments the children were receiving on plaintiff's behalf against his child support obligation, Appendix IX-E:F, although that sum, however, also raised his own income by the same amount, as a disability grant on his behalf. See Appendix IX-E:B(a)(15), but not "means-tested" income. Appendix IX-E:B(3) was not argued.