708 A.2d 1235

MICHAEL PASTERNAK v. REGINA PASTERNAK.

Superior Court of New Jersey,
Chancery Division Family Part,
Middlesex County.

Decided December 23, 1997.

*George W. Pressler*, for plaintiff.

*Emily L. Gosnell*, Middlesex County Legal Services Corporation, for defendant.

BERMAN, J.S.C.

Because the new Child Support Guidelines took effect only on September 1, 1997 [1], not surprisingly this pendente lite support application raises a question not addressed before: is a monthly social security death benefit (resulting from the untimely death of Defendant's first husband, Barry Krull) paid to the custodial parent considered "non-taxable income," to be set forth on line 4 of the Guidelines Worksheets for sole parenting computation, or "government benefits for the child," to be set forth on line 12? [2]

The Defendant/custodial parent, Regina Pasternak, contends the former; plaintiff, Michael Pasternak, who has adopted the child on whose behalf the benefit is paid, argues the latter. Needless to say, where the amount is placed impacts on the child support due.[3] Defendant filed a case information statement and

---

[1] R. 5:6A and PRESSLER, Current N.J. COURT RULES, Appendix IX–A through IX–H, (GANN), hereinafter "the Guidelines."

[2] PRESSLER, Current N.J. COURT RULES, Appendix IX–B, Use of the Child Support Guidelines, Line Instructions for the Sole–Parenting Worksheet; and Appendix IX–C, Child Support Guidelines–Sole Parenting Worksheet (GANN) (hereinafter "Appendix IX–B" and "Worksheet[s]," respectively). Annexed hereto as Exhibit A is the Defendant's Sole Parenting Worksheet, which this Court assumes to be accurate as to income for the purposes of this ruling.

[3] The parties have a younger child, who also is in the defendant's custody. Defendant indicates on her case information statement dated October 22, 1997 that both children's birthdates, June 19, 1989 and October 26, 1993, predate the

child support worksheets; to date plaintiff has filed no case information statement. The court requested briefs from both parties to clarify their position; defendant filed a letter brief on, December 18, 1997. Neither party has documented the Social Security dependency benefit or explained on what basis it is paid. Defendant stated without elaboration in her letter brief that it is based upon Mr. Krull's "earnings record." Both parties certified that the benefit is paid on behalf of the older child. The parties dispute the amount of the benefit; the court has adopted the lower figure of $159.00 per week certified by defendant.

As seen from the defendant's worksheets, the net support obligation from plaintiff would be $298.00 per week for the support of both children. But shifting the sum from line 4 to line 12 reduces the obligation to $203.00 per week. Annexed hereto as Exhibit B are the court's worksheets placing the benefit on line 12, where this court determines it belongs for the reasons hereafter articulated.[4] As is obvious, relocating the benefit from line 4 to line 12 alters the custodial parent's net income, the combined net income, the percentage shares, and the basic support amount.

Because the Guidelines were initially adopted effective May 9, 1986, the court has had limited opportunity to assess how government benefits paid to the child affect the obligor's support obligation under the Guidelines. The court first addressed the issue in *Potter v. Potter*, 169 *N.J.Super.* 140, 148, 404 *A.2d* 352 (App.Div. 1979), a case which predates the adoption of the Guidelines. In

---

date of the marriage, September 17, 1994. Defendant consistently states that only the older child is the child of Barry Krull and receives his Social Security disability benefits. Plaintiff's complaint stated that there were "two (2) children born of the marriage" but that the older child is adopted. Plaintiff then certified incongruously in his opposition to this motion that both children are adopted, that their natural father is deceased and that they receive dependency benefits from their deceased father. The court will presume that the Social Security benefits are paid only on behalf of the older child.

[4] Defendant has granted one child as a tax deduction to herself and none to plaintiff; the court has granted one child as a tax deduction to each party.

*Potter* the court observed that most jurisdictions allowed the payor a credit against his child support obligation for "Social Security dependency payments" paid to the children or for their benefit because

> such payments are not gratuities but were earned by the wage earner during his period of employment and ... they constitute in effect insurance payments substituting for lost earning power.

*Id.* at 148, 404 *A.*2d 352. Retrospectively, the Appellate Division deemed that it had adopted this rationale set forth in *Potter. Baylor v. Department of Human Svcs.,* 235 *N.J.Super.* 22, 37, 561 *A.*2d 618 (App.Div.1989), *aff'd,* 127 *N.J.* 286, 604 *A.*2d 110 (1990). The court in *Potter* made a limited ruling confined to the facts of that case and did not establish whether the parent had the "absolute right" to have Social Security dependency benefits "automatically credited" to his child support obligation. *Potter,* 169 *N.J.Super.* at 148, 404 *A.*2d 352. The court in *Potter* gave the obligor a credit against child support arrears for a lump sum Social Security disability payment that his children received on his behalf. The court also recommended that the related periodic dependency benefits, which exceeded the child support obligation, be deemed to discharge the payor's support obligation so long as the children received them and until the obligor was able to return to work. *Id.* at 149, 404 *A.*2d 352.

Subsequent decisions have not been consistent in their treatment of dependency benefits. In *Cleveland v. Cleveland,* 249 *N.J.Super.* 96, 99–100 and 103 n. 7, 592 *A.*2d 20 (App.Div.1991), reviewing a support order from early 1990, the court applied the Social Security dependency benefits generated by the payor's disability as a direct credit against the payor's percentage share of the child support obligation, even though the dependency benefits did not reduce the disability payments received by the payor. (The court in *Cleveland* did not include the disability payments received by the payor as gross income, either taxable or nontaxable, to establish the combined income of the parties. *Id.* at 99, 592 *A.*2d 20). In *De La Ossa v. De La Ossa,* 291 *N.J.Super.* 557, 559–560, 677 *A.*2d 1157 (App.Div.1996) the court declined to give

the payor any credit against child support for Social Security dependency benefits generated by the payor's disability. Interpreting the instructions on the Guidelines and Worksheet then existing, the court determined that dependency benefits reduced child support only if they were a direct "apportionment" that reduced the disability payments paid to the obligor. The court determined that even such a direct apportionment would be credited against the basic child support obligation before the obligor's percentage share was carved out. *Id.* at 559–560, 677 A.2d 1157. The court in *De La Ossa* did not appear to allow a situation, as did the court in *Cleveland*, where dependency benefits would provide a direct credit against the obligor's percentage share of child support. Because the Guidelines were not amended between *Cleveland* and *De La Ossa*, one would expect the results to be closer. PRESSLER, Current N.J. COURT RULES, Comment R. 5:6A (GANN).

The new Guidelines attempt to clarify how government benefits paid to or on behalf of the child, such as Social Security dependency benefits, should figure in the child support calculation. As an aside, there is a discrepancy, which does not affect this case, in the manner in which the Guidelines treat dependency benefits which *do* reduce the benefit paid to the parent, in Appendix IX–A.10.b and Appendix IX–B (Line 12).

Government benefits that are received by or on behalf of a child based on a parent's earnings, disability, or retirement, that do not reduce the related benefits paid to the parent, and that are not means-tested, are deducted from the basic support obligation, before calculating each party's percentage share of the obligation. Appendix IX–A.10.b. The Guidelines state that these dependency benefits are deemed to replace the lost earnings of the parents, evidently borrowing the language of *Potter*, 169 *N.J.Super.* at 148, 404 A.2d 352, and *Baylor*, 235 *N.J.Super.* at 31, 561 A.2d 618; Appendix IX–A.10.b. Such benefits paid to or on behalf of the child are deemed to reduce the marginal cost of supporting the child

and therefore reduce the basic support obligation that the parties ultimately share:

> The deduction is provided because the receipt of such benefits reduces the parents' contribution toward the child's living expenses (i.e., the marginal cost of the child).

Appendix IX–A.10.b. The Line Instructions for the Sole–Parenting Worksheet at Appendix IX–B (Line 12) repeat this instruction and provide that the benefit paid to or on behalf of the child be entered at line 12 to reduce the basic child support amount calculated at line 7. Appendix IX–B (Line 12). If such benefits exceed the marginal cost of the child and the basic child support amount, then neither party bears a child support obligation so long as the child receives the benefits. Appendix IX–A.10.b. Note that the Guidelines make no distinction as to which parent's benefit triggers the benefit to the child. The dependency benefit that reduces the marginal cost of the child and the basic child support amount ultimately reduces both parties' child support obligation. A dependency benefit that is generated by the custodial parent and that exceeds the basic child support amount will relieve the non-custodial parent of any child support obligation so long as the child receives the benefit. Appendix IX–A.10.b. The Guidelines do not consider this reduction a windfall to the other party.[5] The new Guidelines should be deemed to abrogate *De La Ossa*, 291 *N.J.Super.* at 559–560, 677 *A.2d* 1157, which provided that only a dependency benefit which reduced the benefit paid to the non-custodian could be deducted from the basic child support amount.

That the new Guidelines do not distinguish the parental source of the benefit which reduces the basic child support amount is key to this case. Because a dependency benefit generated by either

---

[5] In another context the court has also treated dependent disability payments as different from support generated by parental income, declining to apply to disability payments the "$50.00 disregard" provision that applies to child support to calculate and AFDC grant to the dependent family. *Baylor*, 235 *N.J.Super.* at 32, 34, 561 *A.2d* 618. The court therefore fully credited the dependent disability payments received in the dependent family before calculating their AFDC benefits.

party reduces the percentage child support obligation of both parties, the parental source of the dependency benefit is ultimately irrelevant to the calculation. In this case the Social Security dependency benefit paid to the older child from her deceased parent, Barry Krull, although he is not a party, must be deemed to reduce the marginal cost of the children, the basic child support obligation, and ultimately the percentage child support obligation of both parties. The Social Security disability payments paid on behalf of the older child from Barry Krull should be entered on line 12 of the Sole–Parenting Worksheet and deducted from the basic child support obligation. This entry is fully consistent with the treatment that the Guidelines mandate for dependency benefits, even though the Guidelines do not explicitly address dependency benefits generated by a person not a party to the action.

Defendant argues in her letter brief that the dependency benefits generated by Mr. Krull should not be entered on line 12 because they do not represent plaintiff's "lost earnings," so that plaintiff should not be able to claim a credit from them. Defendant's focus on "lost earnings" is misplaced. The decisional law relied on "lost earnings" to develop a rationale for crediting these benefits against child support in any manner. The current Guidelines indicate that the conclusion has supplanted the original proposition: the relevance of these benefits, from any source, to the child support calculation, is to reduce the marginal cost of the child, the basic child support amount, and finally the percent of child support obligation of both parties. Defendant would treat the benefit as non-taxable income, line 4; but the instructions for lines I and 4, read together, do not permit this treatment. Appendix IX–B (Lines 1 through 5—Determining Income). The instructions for line I exclude from gross income government benefits paid to or for the child in nearly the same terms as the instructions for line 12 order the entry of government benefits:

... The following types of income are excluded from *gross income:*

...

g. a government benefit based on a parent's earnings record, disability, or condition that is paid to or for the child ... or other non-means-tested government benefits meant to reduce the cost of the child. . . .

[Appendix IX–B] (Line 12)

Defendant cannot circumvent the intent of the Guidelines that these government benefits be treated as a reduction, line 12, rather than as income, by regarding them as non-taxable income. Because of the exclusion above, the formulaic language for government benefits paid to or for the child does not appear in the definition of "gross income." The Guidelines, moreover, treat non-taxable income as a carve-out from gross income and not as a separate category: "[G]ross income must be separated into taxable and non-taxable portions." Appendix IX–B (Lines 1 through 5). Non-taxable income *does* include Social Security benefits:

1. Income Not Subject to Federal Income Tax

. . . .

k. Social Security benefits. However, if the taxpayer has income of more than $25.000 if single or $32,000 if married and filing a joint return some of the benefits may be taxable. . . .

[Appendix IX–B]

The implication of this is that these benefits inure to the current litigant. Why else would the Guidelines reference "the taxpayer," who obviously is not the deceased parent, or address other possibly taxable income, which can refer only to a party's income? The Social Security benefits referenced at Appendix IX–B.1.k above are not the government benefits that are paid to or for the child and that properly belong on line 12.

The Guidelines are inconsistent in their treatment of government dependency benefits that *do* reduce the benefit paid to the parent who generates it. This inconsistency has no impact on this case, where the parent generating the benefit is deceased, so that a reduction to his benefit is meaningless. The Guidelines, at Appendix IX–A, state that an "apportionment," a dependency benefit which reduces the benefit paid to the non-custodial parent, is not deducted from the basic child support award but is credited against the non-custodial parent's child support order, because "the apportionment represents a payment toward the support

order similar to a garnishment." Appendix IX–A.10.b. We note that there is no line to accommodate this deduction on the current Worksheet.

The line instructions for line 12 contravene this exception:

"government benefits based on either parent's earning record, disability, or retirement must be deducted *from the total support award (regardless of the effect of the child's benefit payments on benefits paid to the parent )*"
[Appendix IX–B (Line 12) (emphasis added)]

We suspect that the latter is correct, because it appears to address (and to discard) an exception that *De La Ossa* tried to carve out for dependency benefits that reduce the benefit to the non-custodian. Note that, if the government benefit is generated by the custodial parent, it is effectively impossible, in the child support calculation, to reduce the *custodial* parent's child support award. A cryptic statement at the end of the instructions for line 12 states: "these benefits are *not* included in the gross income of the recipient parent." If "these benefits" mean the dependency benefits and "recipient parent" means the custodial parent, then that statement merely reinforces the principle that the dependency benefits do not belong on lines 1 or 4. But if "these benefits" mean the amount by which parent's benefits are reduced and "recipient parent" means the parent whose benefits are reduced by the dependency benefit, then that statement provides that the carve-out is already excluded from the parent's income, so that there is no need to provide a credit for it against that parent's child support obligation. That interpretation is consistent with the court's recognition that government benefits paid to or for the child reduce the marginal cost of the child, the basic child support amount, and equitably reduce the support obligation of both parties.

Consistent with the new child support Guidelines, the court concludes that the Social Security benefit received by the older child through her deceased natural father, because it reduces the marginal cost of her care to both parties after their separation, should be deducted from the basic child support amount. The benefit received by the child is entered at line 12 of the Sole

Parenting Worksheet, so that it is subtracted from the basic child support amount before plaintiff's percent share of the child support obligation is calculated.

| CHILD SUPPORT GUIDELINES - SOLE PARENTING WORKSHEET | | | |
|---|---|---|---|
| Case Name: Pasternak v. Pasternak | County: Middlesex | | |
| MICHAEL PASTERNAK vs. REGINA PASTERNAK | Docket No: FM-12-456-98 | | |
| Plaintiff      Defendant | Number of Children: 2 | | |
| Custodial Parent is the Plaintiff | | | |
| *All amounts must be weekly* | CUSTODIAL | NON-CUSTODIAL | COMBINED |
| 1. Gross Taxable Income | $ 272 | $ 1,264 | |
| 1a. Mandatory Retirement Contributions (non-taxable) | -$ | -$ | |
| 1b. Alimony Paid (Current and/or Past Relationships) | -$ | -$ | |
| 1c. Alimony Received (Current and/or Past Relationships) | +$ | +$ | |
| 2. Adjusted Gross Taxable Income((L1-L1a-L1b)+L1c) | $ 272 | $ 1,264 | |
| 2a. Federal,State and Local Income Tax Withholding | -$ 43 | -$ 429 | |
| 2b. Prior Child Support Orders (Past Relationships) | -$ | -$ | |
| 2c. Mandatory Union Dues | -$ | -$ | |
| 2d. Other Dependent Deductions (from separate worksheet) | -$ | -$ | |
| 3. Net Taxable Income (L2-L2a-L2b-L2c-L2d) | $ 229 | $ 835 | |
| 4. Non-Taxable Income (source: Social Security(Leek)) | +$ 159 | +$ | |
| 5. Net Income (L3+L4) | $ 388 | $ 835 | $ 1,223 |
| 6. Percentage Share of Income (L5 Each Parent/ L5 Combined) | 32% | 68% | 100% |
| 7. Basic Child Support Amount (from Appendix IX-F Schedules) | | | $ 347 |
| 8. Net Work-Related Child Care (from Appendix IX-E Worksheet) | | | +$ 91 |
| 9. Child's Share of Health Insurance Premium | | | +$ |
| 10. Unreimbursed Health Care Expense over $250 per child per year | | | +$ |
| 11. Other Extraordinary Expenses Approved by the Court | | | +$ |
| 12. Government Benefits for the Child | | | -$ |
| 13. Total Child Support Amount ((L7+L8+L9+L10-L11)-L12) | | | $ 438 |
| -> If line 13 total support amount is zero, STOP - benefit apportionment is substituted for support order <- | | | |
| 14. Each Parent's Share of the Support Obligation (L6 x L13) | $ 140 | $ 298 | |
| 15. Net Work-Related Child Care Paid | | -$ | |
| 16. Health Insurance Premium for the Child Paid | | -$ | |
| 17. Unreimbursed Health Care Expenses Paid (>$250/child/year) | | -$ | |
| 18. Other Extraordinary Expenses Paid | | -$ | |
| 19. Adjustment for Visitation Expenses (L7 x %time x 0.37) Note. Not presumptive in some low income situations - see App. IX-A .P13 | | -$ | |
| 20. Net Child Support Obligations (L14-L15-L16-L17-L18-L19) | | $ 298 | |
| -> If neither Parent is Requesting the other dependent adjustment, go to line 24 <- | | | |
| 21. Child Support WITH Other-Dependent Deduction | | $ | |
| 22. Child Support WITHOUT Other-Dependent | | $ | |
| 23. Adjusted Child Support Order ((L21+L22)/2) | | $ | |

Exhibit A

## CHILD SUPPORT GUIDELINES - SOLE PARENTING WORKSHEET - PAGE 2

| | | | | |
|---|---|---|---|---|
| 24. Self-Support Reserve Test (L5-L20 or L23 for NCP,L5 for CP) If NCP result is greater than 105% of the poverty guideline for one person (pg) or CP net income is less than the pg,enter L20 or L23 amount on L26. If NCP L24 income is less than the pg and CP income is greater than the pg,go to L25 | | $ 229 | $ 516 | |
| 25. Obligor Parent's Maximum Child Support Obligation (L5 NCP income - 105% of poverty guideline for one person) Enter result here and on Line 26 | | | $ | |
| 26. Child Support Order | | | $ 319 | |

### COMMENTS, REBUTTALS, AND JUSTIFICATION FOR DEVIATIONS

1. The child support order for this case was based on the child support guidelines award

2. If different from the child support guidelines award (line 26),enter amount ordered:

3. The child support guidelines were not used or the guidelines award was adjusted because

4. The following court - approved extraordinary expenses were added to the basic support obligation.

| Prepared by* | Title | Date |
|---|---|---|
| | | |

Exhibit A

| Appendix IX-E - Child Support Guidelines Net Child Care Cost Worksheet | | |
|---|---|---|
| Number of Children: 2 | | |
| Does Custodial(PPR) or Non-Custodial(PAR) parent pay for child care cost·  PPR | | |
| 1.Parent's Adjusted Gross Income (IRS Definition - See Appendix IX-B)   Weekly Income | $ | 272 |
| 2.Annual work-related child care cost | $ | 6,032 |
| 3.Maximum child care subject to federal tax credit (Enter the lesser of the annual child care cost or $2,400 for one child/$4,800 for two or more children). | $ | 4,800 |
| 4.If the annual child care cost is less than $2,400 for one child or $4,800 for two or more children, enter the child care tax credit percentage from the Column 2 of the Tax Credit Table here  If the child care costs are greater than these amounts, enter the maximum dollar credit from Column 3 of the Tax Credit Table on Line 5. | 27% | |
| 5.Tax Credit (Line 3 x Line 4 or enter the Column 3 maximum dollar tax credit). | $ | 1,296 |
| 6.Net annual child care expense (Line 2 - Line 5). | $ | 4,736 |
| 7.Net weekly care cost (Line 6/52). Enter this amount on the Child Support Guidelines Sole Custody Worksheet, Line 8 or the Shared Custody Worksheet, Line 16. | $ | 91 |

Assumptions made for Parenting Worksheet calculations:

Current Poverty Guideline for one person per week = $   160

Line 2a. Number of withholding allowances: CP/PPR =2, NCP/PAR = 0

Line 19. Number of overnights with CP = , NCP = , Total = 0

Percentage of overnights with NCP = 0%

## CHILD SUPPORT GUIDELINES - SOLE PARENTING WORKSHEET

| Case Name:<br><br>Michael Pasternak      vs. Regina Pasternak<br>    Plaintiff              Defendant<br>Custodial Parent is the: (√) Plaintiff  ( ) Defendant | County.<br>MIDDLESEX<br>Docket #.<br>FM 12-456-98<br>Number of Children<br>2 | | |
|---|---|---|---|
| *All amounts must be weekly.* | **Custodial** | **Non-Custodial** | **Combined** |
| 1. Gross Taxable Income | $272 | $1,264 | |
| 1a.  Mandatory Retirement Contributions | - | - | |
| 1b.  Alimony Paid | - | - | |
| 1c.  Alimony Received | + - | + - | |
| 2. Adjusted Gross Taxable Income | $272 | $1,264 | |
| 2a.  Federal, State and Local Taxes | - $43 | - $395 | |
| 2b.  Prior Child Support Orders | - | - | |
| 2c.  Mandatory Union Dues | - | - | |
| 2d.  Other Dependent Deduction | - | - | |
| 3. Net Taxable Income | $229 | $869 | |
| 4 Non-Taxable Income (            ) | + | + | |
| 5. Net Income | $229 | $869 | $1,098 |
| 6. Percentage Share of Income | 20 86% | 79.14% | 100% |
| 7. Basic Child Support Amount | | | $325 |
| 8. Net Work Related Child Care | | | + $90 |
| 9. Child's Share of Health Ins. Premium | | | + - |
| 10 Unreimbursed Health Care | | | + - |
| 11 Other Extraordinary Expense | | | + - |
| 12. Government Benefits for the Child | | | $159 |
| 13. Total Child Support Amounts | | | $256 |
| *If Line 13 is zero, STOP-Benefit Apportionment is substituted for support.* | | | |
| 14. Each Parent's Share of Support Oblig. | $53 | $203 | |
| 15. Net Work Related Child Care | | - | |
| 16. Health Ins. Premium Paid for Child | | - | |
| 17. Unreimbursed Health Care Expenses | | - | |
| 18. Other Extraordinary Expenses Paid | | - | |
| 19. Credit for Visitation Variable | | - | |
| 20. Net Child Support Obligation | | $203 | |
| *If Neither parent is requesting Other Dependent deduction, go to line 24.* | | | |
| 21. Child Support Order w/Other Dep Ded | | - | |
| 22. Child Support Order w/o Other Dep Ded | | - | |
| 23. Adjusted Child Support Order | | - | |
| *Continued on Page 2* | | | |

Exhibit B

| CHILD SUPPORT GUIDELINES - SOLE PARENTING WORKSHEET | | | |
|---|---|---|---|
| **All amounts must be weekly.** | Custodial | Non-Custodial | Combined |
| 24. Obligor Self-Support Reserve Test. If result is greater than 105% of the poverty guideline (*pg*) for one person or CP net income is less than the *pg*, enter L20 or L23 amount on L26. If NCP L24 income is less than the *pg* and CP income is greater than the *pg*, go to L25. (The *pg* for tax year 1997 is $160) | $229 | $666 | |
| 25. Obligor Parent's Maximum Child Support Obligation. Enter result here and on Line 26. | | - | |
| 26. Child Support Order | | $203 | |

| COMMENTS, REBUTTALS, AND JUSTIFICATION FOR DEVIATIONS |
|---|

1. This child support order ( ) was ( ) was not based on the child support guidelines award.

2. If different from the child support guidelines award (Line 26), enter amount ordered:     -

3. The child support guidelines were not used or the guidelines award was adjusted because:

4. The following court approved extraordinary expenses were added to the basic support obligation:

The Court's calculation grants one child to each parent as a tax deduction.
Defendant's calculation grants one child to herself as a tax deduction and none to Plaintiff.

5. Percentage of visitation time:
   The Custodial Parent's percentage of time with the child is          - %
   The Non-Custodial Parent's percentage of time with the child is          - %

| Prepared By: | Title | Date |
|---|---|---|

OFFICIAL FORM FOR CALCULATING SOLE PARENTING AWARDS AS APPROVED BY THE SUPREME COURT OF NEW JERSEY

Exhibit B

| NET CHILD CARE COST WORKSHEET - ADJUSTED GROSS INCOME CALCULATION | | |
|---|---|---|
| **All amounts must be ANNUALLY.** | **Custodial** | **Non-Custodial** |
| Self-Employment Tax | - | - |
| Parent's Gross Taxable Income | $14,144 | $65,728 |
| Adjusted Self-Employment Tax (1/2 S-E Tax) (-) | - | - |
| Moving Expenses (-) | - | - |
| IRA and Keough Contributions (-) | - | - |
| Penalties on Early Withdrawal of Savings (-) | - | - |
| Self-Employment Health Insurance, Cost (-) | - | - |
| Alimony Paid (-) | - | - |
| Parent's Adjusted Gross Taxable Income ( = ) | $14,144 | $65,728 |

| | CHILD SUPPORT GUIDELINES - NET CHILD CARE COST WORKSHEET | | |
|---|---|---|---|
| | **All amounts must be ANNUALLY.** | **Custodial** | **Non-Custodial** |
| 1. | Parent's Adjusted Gross Taxable Income | $14,144 | $65,728 |
| 2. | Annual Work-Related Child Care Cost | $5,980 | - |
| 3. | Maximum Child Care Subject to Federal Tax Credit (The Lesser of Line 2 or $2,400 for one/$4,800 for two or more children.) | $4,800 | - |
| 4. | If the annual child care cost is less than $2,400 for one child or $4,800 for two or more children, enter the child care tax credit percentage from Column 2 of the Tax Credit Table here. If the child care costs are greater than these amounts, enter the maximum dollar credit from Column 3 of the Tax Credit Table on Line 5. | - % | - % |
| 5. | Tax Credit | $1,296 | - |
| 6. | Net annual child care expense | $4,684 | - |
| 7. | Net weekly child care cost | $90 | - |

Interoffice #
Client File· C \PSNJ\CLIENTS\PASTERNA\PASTERNA SCP  12/23/97  09:23 a.m Form  C \PSNJ\SOLE.HK  10/01/97  01 25 p n

Exhibit B