Rel: March 20, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0546

_____

### Alan W. Dillon

### v.

### Heather Gilotti-Dillon

### Appeal from Baldwin Circuit Court
### (DR-24-900048)

HANSON, Judge.

Alan W. Dillon ("the husband") appeals from a judgment entered by the Baldwin Circuit Court ("the trial court") divorcing him from Heather Gilotti-Dillon ("the wife"). The sole issue is whether the trial court properly calculated child support.

<u>Facts and Procedural History</u>

The wife married the husband in 2021. The wife had two children from her previous marriage to Jonathon Gilotti, who died in 2016. The husband and the wife had signed a prenuptial agreement before their marriage.[1] The husband adopted the children following their marriage.

On January 12, 2024, the wife filed a complaint seeking a divorce. She sought custody of the children and child support. On January 15, 2024, the husband filed an answer and a counterclaim for a divorce. The parties informed the trial court that they had entered into a partial settlement as to all issues except child support and insurance. They agreed that the wife would have custody of the children, with the husband having visitation rights.

On March 24, 2025, the trial court held a hearing on child support and insurance. At the hearing, counsel for the husband asked for a deviation from the child-support guidelines under Rule 32, Ala. R. Jud. Admin., based on Social Security survivor benefits that the children

---

[1]The prenuptial agreement was not included in the record. In its judgment, the trial court stated that the prenuptial agreement dictated the disposition of the parties' debt, credit-card accounts, bank accounts, retirement plans, real property, and personal property and addressed alimony.

received as a result of their biological father's death. After hearing arguments from the parties' counsel, the trial court stated that it was not inclined to deviate from the child-support guidelines. Subsequently, the wife testified that the parties lived in Baldwin County, that they wanted a divorce, and that she agreed with the terms of the partial settlement.

On April 10, 2025, the trial court entered its final judgment ordering the husband to pay $1,088 per month in child support based on the child-support guidelines, without including a deviation from those guidelines. On April 15, 2025, the husband filed a motion to alter, amend, or vacate the judgment. In his motion, the husband argued, in pertinent part:

> "5. The Court used [the wife's] employment income and [the husband's] retirement and Veteran's Administration benefits in order to calculate child support. The guidelines reflect that [the wife's] income was $6,726 and [the husband's] income was $6,903 for a combined monthly gross income of $13,629. [The wife's] share of the income is 49% and [the husband's] share is 51%. The basic child support obligation is $2,112 for the two minor children. [The wife] incurs a health care cost of $50 per month and [the husband] incurs a health care cost of $30 per month. The total child support obligation in this case is $2,192.

> "6. It is undisputed that [the wife] receives an additional $4,228 for the support and maintenance of the parties' minor children from the Social Security Administration. Additionally, it is undisputed that the additional amount

3

received was not an asset attributable to the [the wife]. [The husband] argues that [the wife] is unjustly enriched by exerting complete control over said amount and that he should be entitled to share in the benefit.

"7. As a result of the Judgment, [the wife] not only receives the full benefit of the additional amount received from the Social Security Administration, but she also receives the full child support without deviation. Said award is inequitable because [the wife] is no more entitled to receive the benefit from the Social Security Administration than [the husband] is. The parties are joint legal custodians and therefore would be entitled to equally share the benefits received on behalf of their children.

"8. [The husband] believes that the Court should have awarded him half of the Social Security Administration benefit received on behalf of the minor children. Alternatively, [the husband] believes that the Court should have deviated from the child support guidelines pursuant to Rule 32(A)(1)(d) of the Alabama Rules of Judicial Administration and deducted the Social Security benefit from the basic child support obligation and the balance be prorated between the parties in proportion to each part[y's] income.

"9. Rule 32(A)(1)(d) of the Alabama Rules of Judicial Administration provides that the Court may deviate from the child support guidelines when there are assets or unearned income received by or on behalf of the minor children. As previously stated, [the wife] receives $4,228 for the support and maintenance of the parties' minor children from the Social Security Administration.

"10. While it appears as though this issue may be one of first impression in the State of Alabama, the Alabama Court of Civil Appeals contemplated the issue in W.R. v C.R., 75 So. 3d 159 (Ala. Civ. App. 2011). The issue in W.R. was the application of an adoption subsidy received on behalf of the

children. The appellant cited two cases in its effort to include the adoption subsidy in the child support guidelines. <u>W.R. v. C.R.</u>, 75 So. 3d 159 (Ala. Civ. App. 2011).

"11. The appellant first cited <u>Pasternak v. Pasternak</u>, 310 N.J. Super. 483, 708 A.2d 1235 (Ct. Ch. Div. 1997). The facts presented in <u>Pasternak</u> are very similar to the facts in this case. The wife in <u>Pasternak</u> had a child from a prior marriage. Her former husband died, and the child received survivor benefits from the Social Security Administration. The wife later remarried, and the husband adopted the minor child. When they separated, the issue of the application of the Social Security benefit arose. The Court held that the benefits are 'deemed to reduce the marginal cost of supporting the child and therefore reduces the basic child support obligation that the parties ultimately share.' <u>Id.</u> The Court further held that 'the deduction is provided because the receipt of such benefits reduces the parents' contribution toward the child's living expenses.' <u>Id.</u> As a result, the Court held that the survivor benefit must be deemed to reduce the marginal cost of supporting the child and be deducted from the basic child support obligation. <u>Id.</u>

"12. The second case cited by the appellant [in <u>W.R. v. C.R.</u>] was <u>Ward v. Ward</u>, 7 Neb. App. 821, 585 N.W.2d 551 (1998). The facts presented in <u>Ward</u> are also very similar to the facts presented here. The husband in <u>Ward</u> had a child from a prior relationship. His former spouse died, and the child received survivor benefits from the Social Security Administration. The husband later remarried, and the wife adopted the minor child. When they divorced, the issue of the application of the Social Security benefit arose. The Court held that neither parent has greater claim than the other with respect to the Social Security benefit. <u>Id.</u> The Court further held that it is difficult to understand why one parent would receive the benefit of the entitlement and the other parent would not. <u>Id.</u> In <u>Ward</u>, the Court found that a 'strict application of the guidelines will not result in a fair and

equitable child support order.' Id. As in Pasternak, the Court in Ward held that the benefit should be deducted from the basic child support obligation and the balance be prorated between the parties in proportion to each parties' income. Id.

"13. The Court in W.R. v. C.R., 75 So. 3d 159 (Ala. Civ. App. 2011) rejected the appellant's application of the Pasternak and Ward finding them distinguishable. The Court held that an adoption subsidy is not a replacement for lost parental income and therefore would not be included in the child support calculation. The Court further held that survivor benefits reasonably would be included in the child support calculation because they are a substitute for parental income.

"14. [The husband] argues that the Court should consider the aforementioned cases and apply the Social Security benefit in this case as the Courts applied them in Pasternak and Ward. There is no reason why [the husband] should not receive the benefit of the entitlement equally with [the wife]. [The husband] adopted the minor children and agreed to incur the obligation to support them. At the time of the adoption, he was aware of the Social Security benefits that were being paid on the children's behalf. To not take that benefit into consideration in the calculation of child support would give [the wife] a windfall to defray her costs of supporting the parties' children.

"15. In the present case, the total child support obligation is $2,192. That is the amount that guidelines show is necessary to support two minor children with parents that have the income of the parties. [The wife] receives $4,228 on behalf of the minor children for their support and maintenance. If the principles of Pasternak and Ward are applied, the Court would subtract the Social Security benefit from the total child support obligation leaving a $0 balance. If they are not applied and child support remains at $1,088, [the

wife] receives a windfall that far exceeds what is necessary for the support and maintenance of the minor children."

On May 8, 2025, the wife filed a response, arguing that the children's Social Security survivor benefits were not income and should not be applied as a credit to the husband because the benefits "follow[]" the minor children.  The wife also sought to correct a scrivener's error with regard to child support.  On May 13, 2025, the trial court ordered the wife's attorney to prepare an amended judgment correcting the scrivener's error.  The trial court denied the husband's requested relief.  On June 4, 2025, the trial court entered an amended judgment correcting the scrivener's error.  On July 11, 2025, the husband filed a notice of appeal.

Discussion

The husband argues that the trial court should have deviated from the child-support guidelines and deducted the Social Security survivor benefits that the two children were receiving as a result of their biological father's death from the amount of child support he owed.  The husband further argues that the amount of the child-support award resulted in an inequitable windfall to the children that exceeds what is reasonably necessary for the support and maintenance of the children.

7

The purpose of the child-support guidelines contained in Rule 32 is to provide adequate standards for child support, subject to the ability of their parents to pay, and to make awards more equitable by ensuring more consistent treatment of persons in similar circumstances. Comment to Rule 32 (As amended to conform to amendments effective October 4, 1993).

> "'The application of the Rule 32[, Ala. R. Jud. Admin.,] child-support guidelines is mandatory.' Cate v. Cate, 370 So. 3d 560, 565 (Ala. Civ. App. 2022); § 30-3-155, Ala. Code 1975. Determining the amount of a parent's child-support obligation by applying the guidelines is presumed to result in the correct amount. Rule 32(A), Ala. R. Jud. Admin. However, the 'presumption may be rebutted if the trial court makes a finding of fact that, based upon the evidence presented, the application of the guidelines would be manifestly unjust or inequitable.' Hutchins v. Hutchins, 637 So. 2d 1371, 1374 (Ala. Civ. App. 1994); Rule 32(A)(ii), Ala. R. Jud. Admin. For example, when a trial court properly orders joint physical custody to the parties, payment of child support by one spouse to the other is not mandatory. McElheny v. Peplinski, 66 So. 3d 274, 282 (Ala. Civ. App. 2010). However, '"any deviation is improper if it is not justified in writing."' R.N.P. v. S.W.W., 389 So. 3d 1215, 1223 (Ala. Civ. App. 2023) (quoting J.M. v. D.V., 877 So. 2d 623, 630 (Ala. Civ. App. 2003)). '"A trial court's failure to follow the guidelines or to make written a finding that application of the guidelines would be unjust, is reversible error."' Robinson v. Robinson, 795 So. 2d 729, 734 (Ala. Civ. App. 2001) (quoting State ex rel. Waites v. Isbell, 718 So. 2d 85, 86 (Ala. Civ. App. 1998))."

Sampson v. Coachman, 414 So. 3d 136, 140 (Ala. Civ. App. 2024).

In 2018, the guidelines were amended to add a new subsection allowing a child-support obligor to receive a credit against his or her child-support obligation for certain third-party payments made directly to the payee. Rule 32(B)(9) provides:

"(9) <u>Credit for third-party payment to children</u>.

"(a) Social Security retirement, survivor's, or disability-insurance benefits, veteran's benefits, railroad retirement or any other third-party payments paid for the children based on the support obligor's earnings record or other eligibility requirement attributable to the support obligor shall be credited against that parent's support obligation, for so long as it is being received by the support payee, as follows:

"(1) Determine the total child-support obligation; then

"(2) Determine the monthly benefit amount that is attributable to the obligor and that the support recipient receives for the children and then subtract that amount from the total child-support obligation.

"(i) If the children's obligor-based benefit exceeds the total support amount, then no additional support amount should be ordered.

9

"(ii) If the children's obligor-based benefits are less than the obligor's total support amount, then the difference between the benefits received for the children and the total support amount becomes the ordered obligation.

"(b) The following payments to the children by a third party shall not be credited toward the support obligor's child-support obligation:

"(1) Payments that are not based on the support obligor's earnings record or other eligibility requirement attributable to the support obligor;

"(2) Any payments resulting from the disability of the child;

"(3) Any payment received in excess of the amount of child support owed to the child;

"(4) Any payment received by the child shall not be credited against arrearages that accrued before the receipt of the obligor's benefits;

"(5) Social Security income benefits paid to the child; and

"(6) Adoption subsidy paid to adoptive parents of a special-needs child pursuant to section 26-10-20 et seq. of the Code of Alabama."

The Comment to Amendments to Rule 32 Effective June 1, 2018, provide:

"Subsection (B)(9)(i) is consistent with current Alabama caselaw. In Goldman v. Goldman, 197 So. 3d 487 (Ala. Civ. App. 2015), the Alabama Court of Civil Appeals held that the veteran's disability benefits of the former husband were to be considered income for purpose of calculating his child-support obligation. A noncustodial parent cannot be required to pay child support when Social Security payments received by a child based on a parent's disability exceeds the guideline amounts. Self v. Self, 685 So. 2d 732 (Ala. Civ. App. 1996). The obligor is also entitled to a credit against his or her obligation when a child receives benefits based on the obligor's retirement benefits. Adams v. Adams, 107 So. 3d 194 (Ala. Civ. App. 2012). Notwithstanding, if the third-party payment to the child is stopped for any reason, the child support owed by the obligor remains the amount of the existing child-support order. For example, if a child is receiving a third-party payment from Social Security that terminates when the child reaches the age of 18, the obligation of the obligor to pay the court-ordered child support will remain in effect until the child reaches the age of majority.

"The exclusions of credit enumerated in subsection (B)(9)(ii) reflect current Alabama law. Alabama has consistently held that credit is not allowed for a benefit a child receives based on the work history of someone other than the obligor. See Hebert v. Stephenson, 574 So. 2d 835 (Ala. Civ. App. 1990). See also the court's discussion in Hebert regarding child-support credit based on the child's own disability. 574 So. 2d at 837. Also, the exclusion of credit for Social Security income benefits in subsection (B)(9)(ii)(5) is consistent with Lightel v. Myers, 791 So. 2d 955 (Ala. Civ. App. 2000), holding that a parent should not get credit for the Social Security income benefits payable to the child as a

'supplement to income' for the child based on the child's disability, as was clarified by the court in <u>Adams v. Adams</u>, 107 So. 3d 194 (Ala. Civ. App. 2012), which held that credit could be given to a parent whose child received Social Security retirement benefits based on the parent's work history and, thus, are a 'substitute income source.' Likewise, the exclusion of credit for adoption-subsidy pay in subsection (B)(9)(ii)(6) is consistent with current law because the adoption subsidy is not a 'substitute income source'; rather, it is supplemental to the adoptive parents' income. <u>W.R. v. C.R.</u>, 75 So. 3d 159 (Ala. Civ. App. 2011)."

The plain language of Rule 32(B)(9) allowing for a credit for third-party payments to a child applies to payments stemming from a relationship with the child-support obligor. Specifically, Rule 32(B)(9)(a) provides for a credit for the payment to a child of Social Security survivor benefits "paid for the children based on the support obligor's earnings record of other eligibility requirement attributable to the support obligor." Rule 32(B)(9)(b)(1) excludes payments "not based on the support obligor's earnings record or other eligibility requirements attributable to the support obligor." Here, the husband argues that he should be given a credit for benefits paid to the children based on payments in no way attributable to him. The Social Security survivor benefits received by the children are attributable solely to their deceased biological father.

Our supreme court, in amending Rule 32 to include a credit for certain third-party payments based on the child-support obligor's circumstances, could have provided that a credit be applied for any payment received by a child. Instead, the supreme court determined that the child-support obligor should benefit from government payments that result only because of his or her own circumstances. The supreme court acknowledged in the Comment that Rule 32 was modified in accordance with Alabama caselaw, citing Goldman v. Goldman, 197 So. 3d 487 (Ala. Civ. App. 2015); Self v. Self, 685 So. 2d 732 (Ala. Civ. App. 1996); Adams v. Adams, 107 So. 3d 194 (Ala. Civ. App. 2012); Herbert v. Stephenson, 574 So. 2d 835 (Ala. Civ. App. 1990); Lightel v. Myers, 791 So. 2d 955 (Ala. Civ. App. 2001); and W.R. v. C.R., 75 So. 3d 159 (Ala. Civ. App. 2011).

In Goldman, the former husband (the child-support obligor) received veteran's disability benefits, and this court held that those benefits could be considered income for the purposes of calculating child support. In Self, the children were mentally disabled and received Social Security income benefits because of their disabilities; they also received Social Security disability benefits because of their father's disability. On

appeal, the father, the noncustodial parent, argued that he should be allowed a credit against his child-support obligation to the extent of the Social Security disability benefits received by the children because of his own disability. This court held that the father should receive full credit for his child-support obligation based on the payments received by the children as a result of the father's disability.

In Adams, the noncustodial father sought to modify the child-support provision of a divorce judgment, asserting that he was entitled to a reduction of his monthly child-support obligation in the same amount as the Social Security dependent retirement benefits that his child had received each month as a result of the father's eligibility for retirement benefits. This court determined that the decision whether to grant the father a credit for the dependent retirement benefits was a matter within the trial court's discretion. After examining the reasons why the trial court in Adams denied the father a credit, this court reversed the trial court's judgment, concluding that the stated reasons were invalid and that the trial court had acted outside its discretion in denying a credit for the benefits received by the child. Adams, 107 So. 3d at 203. This court

determined that the Social Security dependent retirement benefits were based on the father's work history and were a substitute income source.

In Herbert, this court considered whether to credit the father for Social Security benefit payments paid to the children based on the children's stepfather's disability. The father had argued that the Social Security benefit payments received by the children due to the disability of their stepfather made the children "self-supporting or supported by a third party and that, therefore, the payments should operate to relieve the father of support payments and should be credited against the arrearage amount that the father owes." Hebert, 574 So. 2d at 836. We held that the Social Security benefit payments that were derived from the stepfather's disability did not operate to relieve the father of his duty of support on the theory that the children are self-supporting or supported by a third person.

Lightel involved Social Security disability payments made to adult children who were mentally disabled. The father argued that he was entitled to offset the amount he was obligated to pay for the disabled children's living expenses by the amount of Social Security disability payments the children received each month. This court held that the

father was not entitled to an offset because of the children's receipt of disability payments.

In W.R., this court held that an adoption subsidy could not serve as a credit against a support-paying spouse's child-support obligation. In that case, the mother had been awarded custody of the parties' adopted special-needs children, and the father argued that he should receive a credit for at least half of the amount of the adoption subsidy the parties received as a result of adopting the special-needs children. We held that the adoption subsidy was supplemental to the adoptive parents' income, not a substitute income source, and could not serve as a credit against the father's child-support obligation.

Here, the husband has a duty to support the children, and that duty is not affected by the Social Security survivor benefits received by the children that are in no way attributable to him. Under the plain language of Rule 32, because the Social Security survivor benefits received by the children are not attributable to the husband, he cannot use those benefits to offset his obligation to the children.

The husband argues that Rule 32(A)(1), which sets out reasons a court may use for deviating from the child-support guidelines, including

a deviation based on "[a]ssets of, or unearned income received by or on behalf of, a child or children," Rule 32(A)(1)(d), supports his argument that he is entitled to a deviation. However, the husband's argument ignores Rule 32(b)(9), which specifically addresses Social Security benefits provided to a child. Also, Rule 32(A)(1) provides that a deviation "<u>may</u>" be based on a child's assets. (Emphasis added.) Accordingly, even if Rule 32(A)(1)(d) applied here, reversal would not be warranted based on that argument.

The husband relies primarily on <u>Pasternak v. Pasternak</u>, 310 N.J. Super. 483, 708 A.2d 1235 (Ch. Div. 1997), and <u>Ward v. Ward</u>, 7 Neb. App. 821, 585 N.W.2d 551 (1998). Both cases were cited in <u>Hamblen v. Hamblen</u>, 203 Ariz. 342, 54 P.3d 371 (Ct. App. 2002), and this court in <u>W.R.</u>, supra, quoted from <u>Hamblen</u>. In <u>Hamblen</u>, the Arizona appellate court held that the father was not entitled to a credit against his child-support obligation for half of the adoption subsidy the parties received because of their adoption of five children. In <u>Hamblen</u>, the father had argued that <u>Pasternak</u> and <u>Ward</u> supported his argument that he should receive a credit for the adoption subsidy. The Arizona appellate court

17

concluded that the adoption subsidy was for the benefit of the children and not a replacement for lost parental income.

The husband's reliance on <u>Ward</u> and <u>Pasternak</u> is misplaced. In <u>Pasternak</u>, it was noted that the New Jersey child-support guidelines

> "<u>do not distinguish the parental source of the benefit which reduces the basic child support</u>. ... Because a dependency benefit generated by either party reduces the percentage child support obligation of both parties, the parental source of the dependency benefit is ultimately irrelevant to the calculation. In this case the Social Security dependency benefit paid to the older child from her deceased parent, ... although he is not a party, must be deemed to reduce the marginal cost of the children, the basic child support obligation, and ultimately the percentage child support obligation of both parties."

<u>Pasternak</u>, 310 N.J. Super. at 488-89, 708 A.2d at 1238 (emphasis added). In contrast, in Alabama, a credit under Rule 32(B)(9) applies only to payments attributable to the child-support obligor.

<u>Ward</u> is also distinguishable. The child in <u>Ward</u> received Social Security survivor benefits after her adoptive mother passed away. The child's adoptive father remarried, and his second wife adopted the child. When the adoptive father and his second wife divorced, the court in <u>Ward</u> held that a deviation from the Nebraska child-support guidelines was justified because, although the benefits received on behalf of the child were part of the total family income, they were not directly attributable

18

to one of the parents who were parties to the divorce proceedings, and strict application of the guidelines would not have resulted in a fair and equitable child-support order.

We note that courts in other jurisdictions addressing whether Social Security survivor benefits received by a child should be credited against a living parent's child-support obligation have held that those benefits cannot be used to offset the child-support obligation. See Stockman v. Schmidt, 673 S.W.3d 100 (Mo. Ct. App. 2023) (holding that the Social Security survivor benefits resulting from the father's death could not be used to offset the mother's and stepfather's duty to support the son); Gambill v. Gambill, 137 P.3d 685 (Okla. Civ. App. 2006) (holding that the adoptive mother and adoptive father were not entitled to a credit for Social Security survivor benefits received by the children due to the death of their biological father because the survivor benefits were not based on the income or means of the adoptive mother or father); Jensen v. Bowcut, 892 P.2d 1053, 1057 (Utah Ct. App. 1995) (holding that the father was not entitled to an offset from his child-support obligation based on the child's receipt of Social Security survivor benefits received as a result of the mother's death because any offset goes to the "'parent

19

upon whose earning record it is based.'" (citation omitted)); <u>In re Marriage of Beacham</u>, 19 Kan. App. 2d 271, 867 P.2d 1071 (1994) (holding that Social Security survivor benefits resulting from biological father's death were not attributable to adoptive father and, therefore, upon divorce could not be credited to reduce his child-support obligation); <u>Truman v. Truman</u>, 642 N.E.2d 230 (Ind. Ct. App. 1994) (holding that the father was not entitled to offset his child-support obligation based on Social Security survivor benefits received by the children as a result of the mother's death because those benefits were not attributable to the father); <u>In re Marriage of Foley</u>, 501 N.W.2d 497 (Iowa 1993) (holding that survivor benefit child received from Social Security Administration beneficiary of deceased father was not available as a credit against adoptive parent's child-support obligation); <u>County of Napa v. Combs</u>, 222 Cal. App. 3d 1077, 272 Cal. Rptr. 282 (1990) (holding that the father of a child in foster care was not entitled to credit toward his child-support obligation for Social Security survivor benefits received by the county upon death of child's mother because, while those benefits could be used for the child's care and support, they could not be used to discharge the father's obligation to the county for the reasonable costs of the child's

support, as the father had a duty to support the child regardless of whether the child had an estate of her own); <u>Traylor v. Burns</u>, 570 A.2d 1204 (Me. 1990) (holding that, although father, the child-support obligor, who was unemployed, disabled, and receiving Social Security benefits, was entitled to a credit based on payments the child received that were attributable to his disability, the father was not entitled to a credit for Social Security survivor benefits the child received based on the stepfather's death); <u>Slaughter v. Slaughter</u>, 313 S.W.2d 193, 196 (Mo. Ct. App. 1958) (holding that adoptive father was not relieved of his duty to support the child when the child received benefits due to his biological father's death while in the armed services).

Regarding the husband's argument that failing to consider the children's Social Security survivor benefits in the calculation of child support would result in a windfall to the mother, he fails to cite any authority in support of this argument. <u>See</u> Rule 28(a)(10), Ala. R. App. P.; <u>White Sands Grp., L.L.C. v. PRS II, LLC</u>, 998 So. 2d 1042, 1058 (Ala. 2008) ("Rule 28(a)(10)[, Ala. R. App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived.").

## Conclusion

The husband was not entitled to an offset of his own child-support obligation just because the children receive Social Security survivor benefits due to the loss of their biological father. The judgment of the trial court is therefore affirmed.

AFFIRMED.

Moore, P.J., and Fridy and Bowden, JJ., concur.

Edwards, J., concurs in the result, without opinion.