291 N.J. Super. 557 (1996)
677 A.2d 1157
KATHLEEN DE LA OSSA, NOW KNOWN AS KATHLEEN MURPHY-WALLACE, PLAINTIFF-RESPONDENT,
v.
ALEXANDRO DE LA OSSA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 14, 1996.
Decided June 26, 1996.
*558 Before Judges BAIME, VILLANUEVA and BILDER.
David E. Ferguson & Associates, for appellant (David J. Anderson, Trenton, of counsel and on the brief).
Baron & Riefberg, for respondent (Barbara E. Riefberg, Voorhees, of counsel and on the brief).
BILDER, J.A.D. (retired and temporarily assigned on recall).
This is an appeal by a non-custodial father from a July 28, 1995 order of the Family Part denying his motion to reconsider an order of June 27, 1995. The sole contention raised in his brief is his claim of error in the failure of the trial judge to credit the Social Security Disability benefits paid to the mother for their unemancipated son, both prospectively and retroactively to December 1, 1992.[1]
The relevant facts can be stated briefly. Defendant is disabled and receiving Social Security Disability benefits. Because of this, his son Alexandro, in the custody of the mother, is also receiving Social Security benefits. The father contends that the Court's Child Support Guidelines, more particularly line 10b of the Child Support Obligation Worksheet, Current N.J. Court Rules, Appendix IX-D, mandate the son's benefit be credited against the Basic Child Support Amount.
Line 10 of the Worksheet calculates the Total Child Support Amount. It reads as follows:
10. Basic Child Support Amount (From Appendix IX-C) $
a. Net Work-Related Child Care Expenses +
b. Apportionment to the Child -
The use of these guidelines is spelled out in more detail in Appendix IX-E which, as relevant, says:
F. Apportionments for the Benefit of the Child.

*559 If a child is receiving a direct apportionment of disability or retirement benefits from a non-custodial parent, the amount of that apportionment should be deducted from the Basic Child Support Amount. For the purposes of these guidelines, such disability benefits may include, but are not limited to, the following: Supplemental Security Income for the Aged, Blind and Disabled, Black Lung and Veteran's Administration benefits.
Defendant's contentions are without merit. His son is not receiving an apportionment of his father's Social Security entitlement but is receiving a personal entitlement which arises from his father's disability.[2] See 42 U.S.C.A. 402(d). The apportionment set off provided in the Court's Guidelines relates to situations where the child's benefits are an apportionment of the parent's entitlement resulting in a decrease in the amount of the benefit paid to the parent. It is a recognition of the injustice which would result if a parent were forced to share a part of his or her benefit with the child and yet not receive any credit for that loss. Here defendant has not been required to share any part of his benefits with his child and has not suffered any loss of income by virtue of the benefits the child receives (through the custodial parent) from Social Security. See Social Security Administration Publication No. 05-10024 (January 1996) at 20.[3]
We note the limited contours of our holding. The Guidelines are designed to designate an amount that "economic research has shown to be spent on children of intact families in a similar income situation", Appendix IX-E-D(1). That amount  the "Basic Child Support Obligation"  constitutes the presumed financial need of the child. The child support obligation is then divided proportionately between the parents based upon their contribution to the family income. Guideline F provides that a direct apportionment of disability benefits from a non-custodial parent "should be *560 deducted from the "Basic Child Support Obligation." The child support obligation worksheet also indicates that the "apportionments to the child" are to be deducted from the "Basic Child Support Amount" before the "Percentage Share of Income" is determined. See Appendix IX-D. Our decision here is without prejudice to defendant's right to move for a recalculation of his support obligation in accordance with the express language of Guideline F.
Affirmed.
NOTES
[1] Originally defendant claimed entitlement to credit retroactive to April 24, 1995. However by an amendment to his brief, he claimed entitlement retroactive to December 1, 1992.
[2] Apportion. To divide and assign in proportion; divide and distribute proportionately. Webster's Third New International Dictionary 105 (1971).
[3] "Usually, each family member will be eligible for a monthly benefit that is up to 50 percent of your * * * disability rate. * * * Your benefit will not be affected." Social Security Administration Publication No. 05-10024 (January 1996) at 20.