704 A.2d 1340

LINDA HERD, PLAINTIFF–RESPONDENT, v. EDWARD
R. HERD, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 12, 1998—Decided February 6, 1998.

Before Judges HAVEY, LANDAU and NEWMAN [1].

*Samuel C. Inglese,* argued the cause for appellant (*Moss and Inglese,* attorneys; *Mr. Inglese,* on the brief).

*Jules S. Littman,* argued the cause for respondent.

The opinion of the court was delivered by

LANDAU, J.A.D.

This is the appeal of defendant Edward Herd from a Family Part order which denied his motion for modification of prior child support and alimony orders, for credit against the child support by reason of certain Social Security payments, and for discovery of the Social Security records of plaintiff Linda Herd.

Pursuant to *R.* 2:5–1(b), the motion judge has provided a comprehensive opinion containing his findings of fact and conclusions of law respecting the two broad areas of contention: (1) defendant's asserted generalized need for changed circumstances *Lepis* [2] relief as to the previously ordered alimony and child support awards, and (2) defendant's particularized contention that governmental benefits paid by Social Security for the child of the marriage must be deducted from the child support amount calculated under Appendix IX–A (Considerations in Use of Child Support Guidelines) before calculating each parent's share of the total child support obligation.

Respecting the issue of changed circumstances, we are satisfied that the judge's findings and conclusions should be affirmed substantially for the reasons set forth in his letter opinion of

---

[1] Judge Newman did not participate in oral argument. However, the parties have consented to his participation in the decision.

[2] *Lepis v. Lepis,* 83 *N.J.* 139, 416 *A.2d* 45 (1980).

January 15, 1997. We note, however, and accept, plaintiff's unrebutted correction, supported by her certification, which shows that the Social Security payment made to the parties' child arises by reason of plaintiff's status as a recipient of Social Security *disability* payments, and not by reason of SSI (Supplemental Security Income) payments. In consequence, we differ with the judge's resolution of the second issue.

■ Appendix IX–A, and the Sole–Parenting Worksheet contained in Appendix IX–C, convince us that the judge erred in failing to give consideration to the payments received from Social Security for the benefit of the child. These payments are not, as stated in the *R.* 2:5–1(b) opinion, the result of plaintiff's entitlement to SSI, but arise by reason of her entitlement to non-means-tested Social Security disability payments.

We attach hereto as Exhibit A, a copy of revised paragraph 10.b to Appendix IX–A, and a copy of the new instructions respecting Line 12 of the Sole–Parenting Worksheet contained in Appendix IX–B.

■ We read these portions of Appendices IX–A and IX–B unambiguously to require deduction from the basic support computation those non-means-tested benefits paid to or for the dependent child that arise by reason of either parent's disability and which have not resulted in any diminution of Social Security payments to plaintiff.

As explained in Pressler, *Current N.J. Court Rules,* comment on *R.* 5:6A (1998), the guidelines prescribed by Appendix IX–A to IX–H were recently extensively revised, subsequent to entry of the order and opinion in this case. Given the significance of these revisions in clarifying the rationale appropriate to formulating an equitable approach to calculation and apportionment of child support, our decision should be consistent with the current Appendices. We think it likely that, in promulgating the comprehensive guidelines, the Supreme Court intended that they be deemed applicable to pending cases such as this. At the very least,

promulgation of the new Appendices must inform the judicial response as to an equitable method of calculating the total amount needed for support of the child. *De La Ossa v. De La Ossa,* 291 *N.J.Super.* 557, 677 *A.*2d 1157 (App.Div.1996), which treated with earlier versions of the guidelines, is of limited utility in current interpretation. Its facts, in any event, are not congruent with those here involved.

Consistent with the policy clarifications enunciated in the new Appendices, we remand for reconsideration by the Family Part the issue of the effect of Social Security benefits received by the child of the marriage attributable to plaintiff's Social Security disability status. The total child support amount shall be recalculated under Appendices IX–A and IX–B (see instructions for Lines 12 and 13 in Appendix IX–B). To the extent of the percentage of support assigned to defendant under the guidelines, an appropriate change in the amount to be paid by defendant for child support (Line 26) shall be made. We leave to the equitable discretion of the Family Part the effective date of the modification so calculated. It shall, however, be not later than the September 1, 1997 effective date of the revised Appendices.

Reversed and remanded in part; affirmed in part.

### EXHIBIT A

Appendix IX–A, paragraph 10.b provides:

Government Benefits Paid to or for Children—In some cases, government benefits may be received by or for a child based on a parent's earnings record, disability, or retirement (e.g., Black Lung, Veterans Disability, Social Security). Such payments are meant to replace the lost earnings of the parent and are paid *in addition* to the worker's or member's benefits (i.e., payments to family members do not reduce the member's benefits). A parent may also receive other non-means-tested government benefits that are meant to reduce the cost of the child such as adoption subsidies (*N.J.A.C.* 10:121–2). Supplemental Security Income (SSI) and welfare payments received for or on behalf of a child are *not included* in this category since they supplement parental

income based on financial need. *If non-means tested benefits are paid to or for a dependent child for whom support is being determined, the benefits must be deducted from the basic support obligation* (see *Potter v. Potter,* 169 *N.J.Super.* 140 [404 *A.*2d 352] (App.Div.1979) and *De La Ossa v. De La Ossa,* 291 *N.J.Super.* 557 [677 *A.*2d 1157] (App.Div.1996))(Emphasis added). The deduction is provided because the receipt of such benefits reduces the parents' contributions toward the child's living expenses (i.e., the marginal cost of the child). If the benefits received by the child are greater than the total support obligation (i.e., the amount of the obligation after deducting the benefits is zero), no support award should be ordered while the child is receiving the benefits. The benefits will continue to be paid by the government agency to the custodial parent in lieu of child support. If the total obligation is greater than the benefits received by the child, the non-custodial parent's income share of the residual amount (after deducting the benefits) is the support award to be paid to the custodial parent. Government benefits paid to or for a child *that reduce benefits paid to a non-custodial parent* (an apportionment) *should not be deducted from the basic child support award,* but should be used to offset the parent's child support order (i.e., the apportionment represents a payment toward the support order similar to a garnishment). (Emphasis added).

Appendix IX–B, Sole Parenting Worksheet
Line 12—Deducting Government Benefits Paid to or for the Child

**Enter** government benefits received by the child on behalf of either parent on Line 12.

If a child is receiving government benefits based on either parent's earning record, disability, or retirement, the amount of those benefits must be deducted from the total support award (regardless of the effect of the child's benefit payments on benefits paid to the parent). Such benefits include, but are not limited to: Social Security Retirement or Disability, Black Lung, and Veteran's Administration benefits. Also included are non-means-tested government benefits meant to offset the cost of the child such as

adoption subsidies (*N.J.A.C.* 10:121–2). SSI, public assistance (TANF), and other means-tested benefits are *not* government benefits based on a parent's earnings record, disability or retirement and should not be included on Line 12. If the government benefit received by the child is greater than the total support award (i.e., the amount of the total support award after deducting the government benefit is zero or less), the amount of the government benefit that is being paid to or for the child represents the support award. In such cases, the support award should be made payable directly to the obligee (i.e., from the government agency to the obligee; not through Probation). If the government benefit is less than the total support obligation, it shall continue to be paid directly to the obligee and the residual amount shall be paid through Probation.

Note that these benefits are *not* included in the gross income of the recipient parent.

Line 13—Calculating the Total Child Support Amount

**Add** the basic child support amount, net child-care cost, health insurance cost for the child, predictable and recurring unreimbursed health-care costs above $250 per child per year, and court-approved predictable and recurring extraordinary expenses. Then, **Subtract** any government benefits received by the child. The result is the Total Child Support Amount. [Math: ((Line 7 + Line 8 + Line 9 + Line 10 + Line 11)—Line 12)]. **Enter** the total support amount on Line 13.

IF THE TOTAL CHILD SUPPORT AMOUNT IS ZERO, (THE GOVERNMENT BENEFIT EXCEEDS THE TOTAL CHILD SUPPORT AMOUNT), **STOP!** GOVERNMENT BENEFITS PAID DIRECTLY TO CHILD'S CUSTODIAN WILL SUBSTITUTE FOR THE CHILD SUPPORT ORDER. OTHERWISE, CONTINUE TO LINE 14.