92 P.3d 426

**In re the Marriage of: Andrea Cons CLAY, Petitioner–Appellant,**

v.

**Dennis Ricardo CLAY, Respondent–Appellee.**

No. 1 CA–CV 03–0384.

Court of Appeals of Arizona.
Division One, Department B.

June 24, 2004.

Andrea Cons Clay, Appellant, Avondale, In Propria Persona.

Dennis Ricardo Clay, Appellee, Scottsdale, In Propria Persona.

## OPINION

PORTLEY, J.

¶ 1 Andrea Cons Clay ("Mother") appeals the judgment entered against her in the sum of $9,538.08 in favor of Dennis Ricardo Clay ("Father") for alleged overpayment of child support. We vacate the judgment and re-

mand with instructions because Father is not entitled to any reimbursement.

### FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 In their 1990 divorce, Mother was awarded sole custody of their minor child and Father was ordered "to pay monthly as and for child support $105.04[.]" Following several modification requests, Father's monthly child support obligation was set at $245.00, effective May 1, 1998. Mother also filed contempt petitions between 1990 and 2000 alleging that Father was in arrears and several civil arrest warrants were issued. The arrears were reduced to judgments. Father was ordered to pay a minimum of $55.00 per month towards the arrearage, in addition to his monthly $245.00 child support obligation. In its April 12, 2001 minute entry, the trial court noted that, since February 1, 2000, Father's current child support obligation was being met by his Veterans Administration disability benefits.

¶ 3 At the July 15, 2002 hearing, Father provided the court with "a copy of a Report from Social Security indicating that in 1999 a check was paid to [ ]Mother in the sum [of] $16,865.00 for child support arrearage[ ]." Father alleged that the check was never applied toward his arrears. The Form SSA–1099, Social Security Benefit Statement, indicated that the sum included benefits from 1995 through 1998 and "other" tax years.[1] The document was received into evidence and the matter was referred to Expedited Services for a recalculation of the arrears. The case status report prepared by Expedited Services factored in the 1999 check and concluded that Father had "overpaid his support by $9,538.08[.]"

¶ 4 On November 26, 2002, Father filed a "Motion for Order to Show Cause re: Refund of Overpayment of Child Support[.]" Over Mother's objection, the trial court, on April 14, 2003, granted Father's motion and entered judgment against Mother in the sum of $9,538.08. Mother timely appeals. We have jurisdiction pursuant to Arizona Re-

---

1. The record on appeal does not indicate when Father's disability began.

vised Statutes ("A.R.S.") section 12–2101(C) (2003).

## DISCUSSION

 ¶ 5 Mother contends that the judgment is contrary to Section 25 of the Arizona Child Support Guidelines as set forth in the Appendix to A.R.S. § 25–320 (Supp.2003). Section 25 states:

Benefits, such as Social Security Disability or Insurance, received by a child as a result of contributions made by the parent paying support shall be credited as follows;

a. Only the benefits received by the parent are included as part of that parent's gross income.

b. If the amount of the child's benefit for a given month is equal to or greater than the parent's child support obligation, then the parent's obligation is satisfied. Any benefit received by the child for a given month in excess of the child support obligation is not treated as an arrearage payment nor as a future payment.

c. If the amount of the child's benefit for a given month is less than the parent's child support obligation, the parent must pay the difference.

A trial court's interpretation of the Guidelines is reviewed de novo as a question of law. *Mead v. Holzmann,* 198 Ariz. 219, 220, ¶ 4, 8 P.3d 407, 408 (App.2000).

 ¶ 6 "The Arizona Child Support Guidelines follow the Income Shares Model." Background, A.R.S. § 25–320, App. Under this model, "[t]he total child support amount approximates the amount that would have been spent on the child[ ] if the parents and child[ ] were living together. Each parent contributes his/her proportionate share of the total child support amount." *Id.*

¶ 7 When a parent qualifies for federal Social Security disability insurance benefits, his/her child may be eligible for monthly dependent insurance benefits. 42 U.S.C.A. § 402(d) (2003). The majority of the jurisdictions that have adopted the Income Shares Model view the dependency benefits as earnings derived by the disabled non-custodial parent from their past Social Security contributions and have held that the

parent is entitled to a credit toward his/her child support obligations equal to the dependency benefits. *See e.g., Harbison v. Harbison,* 688 So.2d 876, 877–78 (Ala.Civ.App. 1997); *Wallace v. Dep't of Revenue ex rel. Cutter,* 774 So.2d 804, 807–08 (Fla.Dist.Ct. App.2000); *In re Marriage of Hilmo,* 623 N.W.2d 809, 813 (Iowa 2001); *Matter of Marriage of Williams,* 21 Kan.App.2d 453, 900 P.2d 860, 861–62 (1995); *Miller v. Miller,* 929 S.W.2d 202, 205 (Ky.Ct.App.1996); *Lamkin v. Flanagan,* 865 So.2d 916, 921 (La.Ct. App.2004); *Weaks v. Weaks,* 821 S.W.2d 503, 507 (Mo.1991); *Gress v. Gress,* 257 Neb. 112, 596 N.W.2d 8, 14 (1999); *Sheren v. Moseley,* 322 N.J.Super. 338, 731 A.2d 52, 54–56 (Ct. App.1999); *Romero v. Romero,* 101 N.M. 345, 682 P.2d 201, 202–03 (Ct.App.1984); *Comm'r of Soc. Servs. v. Rosen,* 289 A.D.2d 487, 736 N.Y.S.2d 42, 44 (N.Y.App.Div.2001); *Williams v. Williams,* 88 Ohio St.3d 441, 727 N.E.2d 895, 897–98 (2000); *Merritt v. Merritt,* 73 P.3d 878, 884 (Okla.2003); *Children & Youth Servs. v. Chorgo,* 341 Pa.Super. 512, 491 A.2d 1374, 1381 (1985); *Pontbriand v. Pontbriand,* 622 A.2d 482, 484 (R.I.1993); *Crago v. Donovan,* 594 N.W.2d 726, 730 (S.D. 1999); *Mosley v. Mosley,* 30 Va.App. 828, 520 S.E.2d 412, 416 (1999); *Farley v. Farley,* 186 W.Va. 263, 412 S.E.2d 261, 264 (1991); *Cf In re Marriage of Robinson,* 65 Cal.App.4th 93, 76 Cal.Rptr.2d 134, 136–37 (1998). Section 25 appears to be consistent with that view.

¶ 8 Nevertheless, Section 25 clearly indicates that "[a]ny benefit received by the child ... in excess of the child support obligation is not treated as an arrearage payment nor as a future payment." Here, the trial court incorrectly ordered Mother to reimburse the "difference" to Father. Although Mother was identified as the payee on the 1999 check, the dependency benefits belonged to the child. More importantly, the child was not receiving an apportionment of Father's benefits but, rather, a separate and distinct entitlement available because of Father's disability. 42 U.S.C.A. § 402(d); *see, e.g., De La Ossa v. De La Ossa,* 291 N.J.Super. 557, 677 A.2d 1157, 1158–59 (Ct.App.Div.1996). Accordingly, we vacate the April 14, 2003 judgment and remand the matter to the trial court.

¶ 9 On remand, the trial court is to determine when Father's disability began, *i.e.*, the dates covered by the 1999 check. Next, the trial court must determine the arrears, if any, since the commencement of Father's disability through the dates covered by the 1999 check. Father is not entitled to a credit against arrearage accumulated prior to disability. *Accord Wallace*, 774 So.2d at 807–08; *Matter of Marriage of Williams*, 900 P.2d at 861–62; *Miller*, 929 S.W.2d at 205; *Weaks*, 821 S.W.2d at 507; *Gress*, 596 N.W.2d at 14; *Sheren*, 731 A.2d at 54–56; *Romero*, 682 P.2d at 202–03; *Children & Youth Servs.*, 491 A.2d at 1381; *Crago*, 594 N.W.2d at 730; *Farley*, 412 S.E.2d at 264. The trial court is instructed to offset $16,865.00 from the arrearage, if any. If the arrearage is less than $16,865.00, Father is entitled to a judgment extinguishing the arrearage. However, Father is not entitled to any refund for any alleged overpayment. *Jansen v. Westrich*, 95 S.W.3d 214, 220 (Mo. Ct.App.2003) ("If Father is not entitled to a credit against future child support payments, we see no reason why he is entitled to a refund of the child support monies already paid.").

¶ 10 The trial court is also instructed to determine the child's emancipation date. Absent evidence of the child's disability, Father's child support obligation ended, at the latest, on the child's nineteenth birthday, March 25, 2002. *See* A.R.S. §§ 25–320(B), (C) (Supp.2003); 25–503(M) (Supp.2003). The latest report from Expedited Services shows current support due past that date.

## CONCLUSION

¶ 11 For the reasons set forth above, we vacate the April 14, 2003 judgment and remand this matter to the trial court for further proceedings consistent with this decision.

KESSLER and IRVINE, JJ., concurring.