892 A.2d 738 (2006)
383 N.J. Super. 516
Michael GIFFORD, Plaintiff-Respondent,
v.
Donna BENJAMIN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 18, 2005.
Decided March 7, 2006.
*739 Sara K. Walsh argued the cause for appellant (Patrick N. Budd, Deputy Director, Central Jersey Legal Services, attorney; Ms. Walsh, of counsel and on the brief).
Respondent has not filed a brief.
Before Judges AXELRAD, SKILLMAN[1] and LEVY.
The opinion of the court was delivered by
LEVY, P.J.Ch. (temporarily assigned).
Defendant Donna Wolf Benjamin appeals from a Family Part order reducing the child support obligation of plaintiff Michael Gifford by the amount of federal Supplemental Security Income (SSI) benefits received by their disabled child, Melissa. Because plaintiff's monthly child support *740 obligation was $361.20 and the child's SSI monthly benefit was $477.40, the court held that defendant was not required to pay any child support. We conclude that because SSI benefits are "means-tested" based on the child's disability and the custodial parent's financial need, they are not to be credited against the non-custodial parent's child support obligation under applicable child support guidelines. Therefore, we reverse.
On August 1, 2002, plaintiff was ordered to pay child support of $84.00 per week, effective March 30, 2002. He was incarcerated at the time, having begun serving a four-year sentence in February 2002. On April 27, 2004, in anticipation of his approaching release from prison, plaintiff filed a motion seeking to modify his child support obligation based upon Melissa's receipt of SSI benefits, which she began receiving in May 2003. Melissa, who was born on January 30, 1993, receives SSI benefits because of her disability and her mother's minimal income. A hearing on the motion was conducted on June 16, 2004, after which the court reserved decision.
On June 29, 2004, the court issued a written opinion holding that Melissa's SSI benefits should be credited against plaintiff's support obligation, reducing that obligation to zero. In reaching this conclusion, the court stated that it was relying on the holdings in Herd v. Herd, 307 N.J.Super. 501, 704 A.2d 1340 (App.Div.1998) and Burns v. Edwards, 367 N.J.Super. 29, 842 A.2d 186 (App.Div.2004). We conclude that the court misapplied the holdings in those cases to the facts of this case.
SSI benefits, the type received by Melissa, are "means-tested," meaning that eligibility is "determined on the basis of the income or resources of the recipient." Burns v. Edwards, 367 N.J.Super. 29, 36, 842 A.2d 186 (App.Div.2004). The purpose of such benefits is to provide minimally-adequate incomes to disabled indigents. Ibid.
The issue in Burns was whether SSI benefits received by the disabled, non-custodial parent were to be treated as income for the purpose of calculating his child support. Id. at 32, 842 A.2d 186. The court held that the non-custodial parent was not required to pay child support out of his SSI benefits when those benefits were his only income and he had no other viable resources. Id. at 49, 842 A.2d 186. Thus, the holding is consistent with the purpose of means-tested benefits to supplement income and bring it to a minimum subsistence level.
While a non-custodial parent's SSI benefits are not to be included in gross income for the purpose of calculating that parent's child support, there is no basis for concluding that the child's SSI benefits should be deducted from the parent's child support obligation. Indeed, such a holding would be inconsistent with the purpose of means-tested benefits as it relates to the child, because it would take away from the child benefits based on her own disability and intended to bring the child's income to a minimum subsistence level.
In Herd, supra, 307 N.J.Super. 501, 704 A.2d 1340, the issue did not implicate SSI benefits. Instead, the court addressed whether Social Security Disability (SSD) benefits received by a child should be deducted from the child support amount otherwise payable by a parent. Id. at 503, 704 A.2d 1340. SSD benefits, as distinguished from SSI benefits, are non-means-tested, meaning that eligibility for such benefits is not determined on the basis of the recipient's income or resources. Burns, supra, 367 N.J.Super. at 36, 842 A.2d 186. SSD benefits are designed to replace income lost because an *741 employee is disabled and unable to work. Ibid. As they are a substitute for earned income, SSD payments "may be utilized as income when calculating child support in accordance with the child support guidelines...." Id. at 38, 842 A.2d 186.
Thus, neither Burns nor Herd provides support for deducting a child's SSI benefits from a parent's support obligation. Furthermore, the Sole-Parenting and Shared-Parenting WorksheetsLine Instructions for the use of the child support guidelines, specifically exclude SSI benefits received by an obligor from the calculation of gross income:

Types of Income Excluded from Gross IncomeThe following types of income are excluded from gross income:

a. means-tested income (i.e. based on the fact that the recipient has minimal income and requires government assistance to live) including, but not limited to ... Supplemental Security Income for the Aged, Blind or Disabled;
[Pressler, Current N.J. Rules, Appendix IX-B to R. 5:6A at Sole-Parenting Worksheet 2328 and Shared-Parenting Worksheet 2346 (2006).]
The guidelines further prohibit SSI benefits received by the child from being deducted from a support award. The prohibition against crediting a child's SSI benefits against a parent's support obligation is accomplished by excluding SSI benefits from the definition of "government benefits" that are to be deducted from the support award. Government benefits are deducted from a support award by virtue of their inclusion on line 12 of the Sole-Parenting Worksheet and line 11 of the Shared-Parenting Worksheet used by the court to calculate child support. Sole-Parenting Worksheet at 2339 and Shared-Parenting Worksheet at 2355. However, a child's SSI benefits are not to be deducted from the support award because, as stated in the line instructions, "SSI ... and other means-tested benefits are not government benefits based on a parent's earnings record, disability or retirement...." Sole-Parenting Worksheet at 2339 and Shared-Parenting Worksheet at 2355.
Clearly, the specific instructions for the calculation of child support are consistent with the holdings in Burns and Herd. Based on those holdings and the child support guidelines, we conclude that the court erred in concluding that Melissa's SSI benefits should be deducted from plaintiff's child support obligation.
Reversed and remanded for a redetermination of plaintiff's child support obligation.
NOTES
[1] Judge Skillman did not participate in oral argument. With the consent of counsel, he has joined in this opinion.