DAWN MARIE MARTIN vs. ROBERT LAWRENCE MARTIN.

No. 06-P-1766.

Hampden. September 14, 2007. - October 19, 2007.

Present: LENK, GELINAS, & MEADE, JJ.

*Parent and Child,* Child support. *Divorce and Separation,* Child support.
*Public Welfare,* Supplemental security income payments.

A probate judge erred in deviating from Massachusetts child support guidelines
(guidelines) in calculating a child support order by affording a mother
credit toward her support obligation for one of her children based on
Supplemental Security Income benefits received by her other child, where
such benefit had no relationship to the mother's earning history [548-551];
likewise, the mother's expenses-to-income ratio did not justify the judge's
deviation from the guidelines [551].

COMPLAINT for divorce filed in the Hampden Division of the
Probate and Family Court Department on January 12, 2005.

The case was heard by *Stephen M. Rainaud,* J.

*Jennifer K. Dieringer* for the father.

*Linda L. Landry & Richard M. Glassman,* for Disability Law
Center, amicus curiae, submitted a brief.

MEADE, J. In this appeal from a child support order entered
pursuant to a judgment of divorce nisi, Robert Martin (father),
the custodial parent of the parties' two minor children, contends
that the Probate and Family Court judge erred in applying the
Supplemental Security Income (SSI) benefits received by one of
the parties' children as a factor in determining Dawn Martin's
(mother) child support obligation to the parties' other child.
Specifically, the father asserts that in calculating the mother's
child support obligation the probate judge improperly applied
the formula articulated in *Rosenberg* v. *Merida,* 428 Mass. 182
(1998), and erroneously found that the mother's expenses justi-

fied the child support order. We agree and vacate the portion of the judgment concerning child support.[1]

*Background.* This matter arises out of the divorce of the mother and the father, who were married in Chicopee on August 21, 1990. A trial on the mother's complaint for divorce was conducted on July 31, 2006. The parties having filed a separation agreement providing the father with custody of their two minor children, Tiffany and Nicholas, the single contested issue at trial was the amount of the mother's child support obligation. Because Tiffany suffers from a disability, she is a recipient of SSI benefits,[2] which are disbursed in the weekly sum of $147.20 to the father as her representative payee.[3] After trial, the judge ordered the mother to pay $75 per week for the support of Nicholas, an amount below that which is called for in the Massachusetts child support guidelines (guidelines). As agreed by the parties, no support was ordered for Tiffany, since her inclusion in the child support order would reduce her SSI benefits "dollar for dollar."

On August 29, 2006, the judge made findings in which he explained his reason for deviating from the guidelines. In those findings, the judge correctly noted that *Rosenberg* v. *Merida*, *supra*, was not applicable to this case. Despite that, the judge nonetheless "proceed[ed] on the assumption that *Rosenberg* did apply and us[ed] the approach prescribed in that case" in support of his conclusion that Tiffany's SSI benefits should be roughly credited against the mother's support obligation to Nicholas.[4] The father has appealed.

*Discussion.* A trial court's findings of fact will be upheld un-

---

[1]We gratefully acknowledge the submission of an amicus brief by the Disability Law Center.

[2]Created by the 1972 amendments to the Social Security Act, Pub. L. No. 92-603, 86 Stat. 1465 (1972), codified at 42 U.S.C. §§ 1381 et seq. (2000), the SSI program is a Federal public assistance program that provides a subsistence level benefit to qualifying low-income aged, blind, and disabled individuals.

[3]SSI beneficiaries under age eighteen receive their benefits through a representative payee, who must use such payments "only for [the beneficiary's] use and benefit in a manner . . . he or she determines under the guidelines . . . to be in the [beneficiary's] best interests." 20 C.F.R. § 416.635(a) (2007).

[4]The judge justified his deviation from the $102 amount called for by the guidelines by noting that the $75 amount the mother was ordered to pay exceeded the amount of $15.60 that would be her obligation if the principles

less shown to be clearly erroneous. Mass.R.Dom.Rel.P. 52(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *C. C. & T. Constr. Co.* v. *Coleman Bros. Corp.*, 8 Mass. App. Ct. 133, 135 (1979), citing *United States* v. *United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

Here, the judge fixed the mother's weekly child support obligation at $75, a deviation from the presumptively correct amount of $102 prescribed by the guidelines.[5] In making that determination, the judge relied on *Rosenberg* v. *Merida*, 428 Mass. at 185, in which the Supreme Judicial Court held that when a disabled noncustodial parent's receipt of Social Security Disability Insurance (SSDI) benefits results in SSDI dependency benefits for his minor child, that parent is entitled to a credit against his child support obligation. See *L.W.K.* v. *E.R.C.*, 432 Mass. 438, 451 (2000). We conclude that the probate judge's reliance on *Rosenberg* v. *Merida* was misplaced.

The inapplicability of *Rosenberg* v. *Merida, supra,* to this case stems from the significant dissimilarities between the SSDI and SSI programs, which are different in both nature and purpose. SSDI is akin to an insurance program whereby a wage earner who has worked and paid into the Social Security Trust Fund for a sufficient period of time will be entitled to receive a benefit in the event the wage earner becomes disabled. In addition to offering benefits to the disabled worker, the SSDI program provides benefits to certain dependents of SSDI-eligible wage earners. See 20 C.F.R. §§ 404.330-404.336, 404.350 (2007). Eligibility to receive SSDI benefits is linked to the disabled wage earner's prior payment of Social Security taxes and is not affected by the recipients' assets or other income. This characteristic of the program reflects the fact that it is not merely a form of public assistance. The SSDI program serves "the

articulated in *Rosenberg* v. *Merida, supra,* were applicable.

[5] "In determining the amount of the child support obligation . . . the court shall apply the child support guidelines promulgated by the chief justice for administration and management, and there shall be a rebuttable presumption that the amount of the order which would result from the application of the guidelines is the appropriate amount of child support to be ordered." G. L. c. 208, § 28, inserted by St. 1998, c. 64, § 194.

purpose of replacing income lost because of the employee's inability to work upon becoming disabled," *Burns* v. *Edwards*, 367 N.J. Super. 29, 37 (App. Div. 2004), quoting from *Lightel* v. *Myers*, 791 So. 2d 955, 959 (Ala. Ct. Civ. App. 2001), and its dependents' benefits "are not gratuities, but are entitlements earned by [the parent] through his earlier employment." *Bennett* v. *Virginia Dept. of Social Servs.*, 22 Va. App. 684, 694 (1996), quoting from *Whitaker* v. *Colbert*, 18 Va. App. 202, 205 (1994).

In contrast to the quasi insurance nature of the SSDI program, SSI is a Federal income supplement program funded by general tax revenues, not Social Security taxes. Eligibility for SSI benefits is entirely unrelated to past earnings. Rather, the program is designed to help qualifying disabled individuals meet their basic needs. These benefits reflect a determination by Congress that the government should assist certain persons with disabilities in meeting their increased costs of living. See H.R. Rep. No. 231, 92d Cong., 2d Sess., reprinted in 1972 U.S. Code Cong. & Admin. News 4989, 5133-5134, explaining that "disabled children who live in low-income households are certainly among the most disadvantaged of all Americans and . . . they are deserving of special assistance in order to help them become self-supporting members of our society." See *Burns* v. *Edwards*, *supra* at 37 ("[t]he purpose of SSI benefits is to assure that the income of a recipient is maintained at a level viewed by Congress as the minimum necessary for subsistence").

Unlike the SSDI dependents' benefits at issue in *Rosenberg* v. *Merida*, *supra*, SSI benefits do not derive from the wage earning history of a subsequently disabled parent, but instead are based upon the child's own disability. Indeed, Tiffany's entitlement to SSI benefits is due to the fact of her own disability and has no relationship to her mother's earnings history. It is because of this distinction that the rationale articulated by the court in *Rosenberg* does not extend to this case. In deciding that SSDI benefits received by a child on account of a noncustodial parent's disability should be credited against such parent's child support obligations, the Supreme Judicial Court there found "persuasive" the fact that "unlike welfare and other forms of public assistance, social security benefits represent contributions that a worker has made throughout the course of employment; . . . Although the

benefits are payable directly to the child rather than through the contributing parent, the child's entitlement to payments derives from the parent, and the payments themselves represent earnings from the parent's past contributions." *Rosenberg* v. *Merida, supra* at 186, quoting from *Miller* v. *Miller,* 890 P.2d 574, 576-577 (Alaska 1995). This rationale is clearly inapplicable to a dependent's receipt of SSI benefits, since such benefits have no connection with the previous earnings of the parent. As such, it was error for the judge to consider Tiffany's SSI benefits in determining the mother's child support obligation for Nicholas, and the deviation from the guidelines was unwarranted.[6]

Finally, the father claims that the judge erred by finding that the mother's expenses-to-income ratio provided a proper basis for deviating from the child support guidelines. We agree; the judge's finding is not supported by the record. Rather, the record discloses no extraordinary expenses that would rebut the presumption in the guidelines. See *Canning* v. *Juskalian,* 33 Mass. App. Ct. 202, 205-206 (1992) (child support order adjusted to accommodate extended long-distance visitation). Rather, the record indicates that the mother's live-in boyfriend shares the household expenses that exceed her weekly income. The mother's expenses do not justify a deviation from the guidelines.

*Conclusion.* The judge's child support calculation, which afforded the mother a credit toward her child support obligation based on Tiffany's SSI benefits, was error. In addition, the mother's expenses do not serve to rebut the presumption found in the guidelines. Accordingly, we vacate the portion of the judgment concerning child support, and remand this matter for further proceedings consistent with this opinion. See *Department*

[6]Our decision is in line with how this issue has been treated in other jurisdictions, which have consistently held that a noncustodial parent is not entitled to a child support credit based upon a dependent child's receipt of SSI benefits. See *Lightel* v. *Myers,* 791 So. 2d at 960; *Marriage of Thornton,* 802 P.2d 1194, 1196 (Colo. Ct. App. 1990); *Anderson* v. *Powell,* 235 Ga. 738, 740 (1975); *Missouri* v. *Kost,* 964 S.W.2d 528, 530-531 (Mo. Ct. App. 1998); *Burns* v. *Edwards,* 367 N.J. Super. at 41-42; *Gifford* v. *Benjamin,* 383 N.J. Super. 516, 518 (App. Div. 2006); *Paton* v. *Paton,* 91 Ohio St. 3d 94, 96-97 (2001); *Oatley* v. *Oatley,* 57 Ohio App. 2d 226, 227 (1977); *Bennett* v. *Virginia Dept. of Social Servs.,* 22 Va. App. at 694-695.

*of Rev.* v. *Foss*, 45 Mass. App. Ct. 452, 459 (1998). In all other respects, the judgment is affirmed.

*So ordered.*