Derry Family Division
No. 2010-409

### IN THE MATTER OF RICHARD LISTER AND MARIANNE LISTER

Submitted: April 7, 2011
Opinion Issued: May 12, 2011

*Eugene F. Sullivan III*, of Concord, by brief, for the petitioner.

Marianne Lister, *pro se*, filed no brief.

DUGGAN, J. The petitioner, Richard Lister, appeals the recommendation of the Master (*Luneau*, M.) approved by the Derry Family Division (*Moore*, J.) modifying his child support obligations and refusing to grant him credit for monthly payments of $450.00 in Social Security disability benefits received by his adult son. We affirm.

The record supports the following facts. The father, Richard Lister, and the mother, Marianne Lister, have a disabled adult son, who lives with

the mother. According to the son's neurologist, the son will always remain dependent on others for care. As a disabled adult, the son is eligible for child support so long as he remains dependent. *See* RSA 461-A:14, IV (Supp. 2009) (amended 2010). Because of his disability, the son also receives approximately $450 per month in Supplemental Security Income (SSI) from Social Security. While the son is entitled to a maximum payment of $674 per month in SSI, the amount has been reduced, either because of the child support paid by the father or his government subsidized housing benefit. The son's guardian ad litem indicated that an increase in child support payments from the father could further reduce, if not eliminate, the son's SSI payments.

In 2010, the mother requested an increase in child support from the father. The father, whose income is $4,250 per month, did not dispute that the son is entitled to child support. However, relying upon our decisions in *In the Matter of State & Taylor*, 153 N.H. 700 (2006), and *In the Matter of Angley-Cook & Cook*, 151 N.H. 257 (2004), he argued that he should receive a dollar for dollar credit for the son's SSI benefits. The family division issued a modification order on May 17, 2010, refusing to grant the father a dollar for dollar credit for the son's SSI benefits and increasing his child support payments to $750 per month. The family division distinguished our prior case law because in those cases the children's benefits resulted from the obligor parent's status as either retired or disabled, while, in this case, the son received SSI because of his own disability.

On appeal, the father argues that the family division erred in refusing to grant him a dollar for dollar credit for the $450 monthly SSI benefit received by the son. He asserts that this case is controlled by *State & Taylor* and *Angley-Cook & Cook*, which require a credit to the obligor for Social Security benefits received by the child, because all Social Security benefits, regardless of whether they are based upon a parent's past earnings, are "payable directly to the child and must be retained solely for the benefit of the child."

▆ Trial courts have broad discretion in reviewing and modifying child support orders. *State & Taylor*, 153 N.H. at 702. Because the trial court is in the best position to determine the parties' respective needs and their respective abilities to meet them, we will not overturn modification orders absent an unsustainable exercise of discretion. *Id.*

▆ In *Angley-Cook & Cook*, we joined the majority of states that "allow the obligor credit for his or her child support obligation as a *per se* rule." *Angley-Cook & Cook*, 151 N.H. at 259. However, in adopting this rule, we specifically relied upon the rationale that Social Security retirement

dependency benefits and Social Security Disability Income (SSDI) dependency benefits are derived from the contributing parent. *Id.* We explained that:

> Unlike welfare and other forms of public assistance, social security benefits represent contributions that a worker has made throughout the course of employment.

> Although the benefits are payable directly to the child rather than through the contributing parent, the child's entitlement to payments derives from the parent, and the payments themselves represent earnings from the parent's past contributions.

*Id.* (quotation, brackets and ellipses omitted).

Unlike the SSDI dependency benefits at issue in *State & Taylor* and the Social Security retirement dependency benefits at issue in *Angley-Cook & Cook*, the son's SSI benefits at issue here are not derived from the father. *See Martin v. Martin,* 874 N.E.2d 1137, 1139 (Mass. App. Ct. 2007). In *Martin,* the Massachusetts Appeals Court recognized the differing nature and purpose of the SSDI and SSI programs and refused to provide a credit to the father for the child's SSI benefits. *Id.* at 1139-40.

 Specifically, the court explained that SSDI is similar to an insurance program, which pays benefits to the children of disabled workers because of the workers' contributions into the Social Security Trust Fund. *Id.* at 1139; *see also Bennett v. Com., Dept. of Social Services,* 472 S.E.2d 668, 673 (Va. Ct. App. 1996) (dependents' benefits provided by SSDI "are not gratuities, but are entitlements earned by the parent through his earlier employment" (quotation and brackets omitted)). While the payment of SSDI benefits is linked to a worker's prior payment of Social Security taxes, general tax revenues fund SSI and eligibility is unrelated to past earnings. *Martin,* 874 N.E.2d at 1139. Instead the program "is designed to help qualifying disabled individuals meet their basic needs. These benefits reflect a determination by Congress that the government should assist certain persons with disabilities in meeting their increased costs of living." *Id.*; *see also Lightel v. Myers,* 791 So. 2d 955, 960 (Ala. Civ. App. 2000) ("SSI benefits are based on need; they reflect the amount of additional income needed by a disabled person to maintain himself at the federal minimum income level after all available income and resources are considered.").

 Because the son's SSI benefits have no connection with the father's previous earnings, we agree with the family division that the son's benefits in effect replace his own income rather than substitute for the father's lost income. Indeed, the son receives SSI benefits based upon his own disability

and independent of the father's earning history. We note that child support payments are considered in determining eligibility for SSI, *see* 42 U.S.C. § 1382a(b)(9) (2006), and that the son's SSI payments may be reduced in the future as a result of the increase in child support ordered by the trial court, *see* 42 U.S.C. § 1382(c)(1) (2006) (providing for periodic review of SSI eligibility). Trial courts should be aware of these limitations in future cases. Given that an individual receives SSI benefits based upon a determination that other resources available to that individual are insufficient to meet a minimum necessary for his subsistence, *Lightel*, 791 So. 2d at 959-60, we decline to adopt a rule that has the potential to deduct from an SSI recipient's already limited resources. Additionally, although the legislature has not addressed the precise issue of how SSI benefits payable to an adult disabled child should be treated for purposes of calculating child support, we find further support for our holding in RSA 458-C:2, IV, which provides that SSI benefits received by either an obligor or obligee parent are *not* to be included in his or her gross income when calculating child support pursuant to the Child Support Guidelines. Accordingly, the trial court did not err in refusing to grant the father a dollar for dollar credit for the SSI benefits received by the son.

*Affirmed.*

DALIANIS, C.J., and HICKS, CONBOY and LYNN, JJ., concurred.