NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JENNIFER SUE CHAMBERS, *Petitioner/Appellant*,

*v.*

DAVID ROY CHAMBERS, *Respondent/Appellee*.

No. 1 CA-CV 13-0474
FILED 4-15-2014

Appeal from the Superior Court in Maricopa County
No. FC2007-093705
The Honorable Veronica Brame, Judge Pro Tem

**AFFIRMED**

COUNSEL

Bueler Jones LLP, Chandler
By Gordon S. Bueler
*Counsel for Petitioner/Appellant*

_____

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Acting Presiding Judge John C. Gemmill and Chief Judge Diane M. Johnsen joined.

_____

**H O W E**, Judge:

**¶1**         Jennifer Sue Chambers (Mother) appeals the family court's order modifying the child support payments of David Roy Chambers (Father). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Mother and Father married in January 1997. Father worked in active military duty. Before retiring in 2002, Mother worked at a sporting goods store.

**¶3**         Mother and Father's marriage was dissolved in February 2009. In its dissolution order, the family court awarded Mother sole custody of their two minor children. The court attributed Father a monthly income of $5,680 and ordered him to pay $958.28 per month in child support until May 2010, and thereafter to pay $1,117 per month. The court attributed Mother no income, noting that Mother "cannot earn income because of her physical health condition and the young ages of her children. [Mother] intends to seek disability income through the Social Security Administration."

**¶4**         After retiring from the military in October 2012, Father petitioned to modify child support. On May 10, 2013, Mother applied for disability benefits.

**¶5**         At a child support modification hearing held on May 20, 2013, Father requested that Mother be attributed a monthly minimum wage income of $1,352, as well as $305 per month that she received from his military retirement income. Mother requested that she be attributed no income because "she is seeking social security for disability and has not worked since 2002." Mother also requested that Father be imputed an income higher than his retirement because he can be employed while retired from the military.

2

**¶6** Finding a continuing and substantial change in circumstances of the parties, the family court amended Father's child support obligation to $540 per month. The court attributed Mother a monthly income of $1,657 (minimum wage plus $305 in military retirement) and attributed Father a monthly income of $2,062 ($2,367 in military retirement less $305 given to Mother).

**¶7** On May 24, 2013, Mother moved for a new trial. Mother argued that the court erred by modifying Father's child support obligations because "no evidence of any kind was presented" at the modification hearing to demonstrate a change in her circumstances and that her full-time care of the minor children permits "an exception to the imputation of income in her situation." The court denied Mother's motion for a new trial. Mother timely appeals.[1]

## DISCUSSION

**¶8** Mother argues that the family court erred in modifying Father's child support obligation "because there was no demonstration of change in circumstances" to impute income to Mother. Mother also argues that the family court erred because she "met the conditions for non-imputation of income" under Section 5(E) of the Arizona Child Support Guidelines (Guidelines).

**¶9** The decision to modify an award of child support rests within the sound discretion of the family court. *Jenkins v. Jenkins*, 215 Ariz. 35, 37 ¶ 8, 156 P.3d 1140, 1142 (App. 2007). Absent an abuse of that discretion, we will not disturb an award—or modification—of child support on appeal. *Id.* An abuse of discretion occurs "when the record, viewed in the light most favorable to upholding the [family] court's decision, is 'devoid of competent evidence to support' the decision." *Little v. Little*, 193 Ariz. 518, 520 ¶ 5, 975 P.2d 108, 110 (1999). We review de novo, however, the trial court's interpretation of the Guidelines. *Clay v. Clay*, 208 Ariz. 200, 202 ¶ 5, 92 P.3d 426, 428 (App. 2004).

**¶10** A court may modify a child support order only if a parent shows a substantial, continuing change of circumstances. A.R.S. § 25–

---

[1] Father did not file an answering brief. We could treat his failure to do so as a confession of error, but we choose—in our discretion—to address the merits. ARCAP 15(c); *see In re Marriage of Diezsi,* 201 Ariz. 524, 525 ¶ 2, 38 P.3d 1189, 1190 (App. 2002).

327(A); *Little*, 193 Ariz. at 521 ¶ 6, 975 P.2d at 111. The Arizona Supreme Court has adopted the Guidelines—codified at A.R.S. § 25–320—to provide procedural guidance in applying the substantive law. *Id.; see also In re Marriage of Pacific*, 168 Ariz. 460, 815 P.2d 7 (App. 1991). Under the Guidelines, when a parent is unemployed or working below his or her full earning potential, a family court may impute income to that parent, up to full earning capacity, if the parent's earnings are reduced voluntarily and not for reasonable cause. *See* Guidelines § 5(E). In the absence of contrary testimony, a parent who is unemployed or working below full earning capacity may be imputed an income of at least minimum wage. § 25–320(N); *State ex rel. Dep't of Econ. Sec. v. Ayala*, 185 Ariz. 314, 316, 916 P.2d 504, 506 (App. 1996). The court can, however, decline to attribute income to a parent if that parent is "physically or mentally disabled," Guidelines § 5(E)(1), or "[u]nusual emotional or physical needs of a natural or adopted child require that parent's presence in the home," Guidelines § 5(E)(3).

¶11 Based on our review of the record, the family court did not abuse its discretion in finding a substantial and continuing change in circumstances. At the modification hearing, Father testified that he had retired from active military duty since the court's original dissolution order. As a retiree, Father's income was reduced to $2,627 from $5,680 per month, and approximately $305 of his retirement benefits went to Mother each month. It was also within the discretion of the family court to impute the presumptive minimum wage income to Mother. Although the court that issued the original dissolution order found that Mother could not work because of her health condition, the court did not abuse its discretion in concluding that Mother's health no longer precludes her from working. Moreover, the court did not abuse its discretion in concluding that the children–who have since turned 4 years older—no longer require Mother's full-time care.

¶12 Mother's argument that no evidence supports a change in circumstances attacks the sufficiency of the evidence presented at the child support modification hearing. As a reviewing court, we, however, do not reweigh conflicting evidence and defer to the family court's determination of credibility. *In re Estate of Pouser*, 193 Ariz. 574, 579 ¶ 13, 975 P.2d 704, 709 (1999); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347–48 ¶ 13, 972 P.2d 676, 680–81 (App. 1998). Because sufficient evidence was presented to the family court, we affirm the court's decision to modify Father's child support obligations.

**CONCLUSION**

¶13          For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: MJT