NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

TRACEE SMITH, *Petitioner/Appellee*,

*v.*

THERIAN SMITH, *Respondent/Appellant*.

No. 1 CA-CV 14-0827 FC
FILED 11-3-2015

Appeal from the Superior Court in Maricopa County
No.  FC2004-092923
The Honorable Benjamin R. Norris, Retired Judge

**AFFIRMED**

COUNSEL

Tracee Smith, Brooklyn, NY
*Petitioner/Appellee*

Therian Smith, Duluth, GA
*Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Lawrence F. Winthrop joined.

**H O W E**, Judge:

¶1        Therian Smith ("Father") appeals the family court's order modifying child support payments to Tracee Smith ("Mother") for their minor child T.S. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Mother and Father married in 1997, but in July 2004 Mother petitioned for dissolution of marriage. The following month, the family court issued a decree of dissolution awarding Mother sole custody of T.S., ordering monthly child support payments of $616.00 from Father, and making each parent financially responsible for 50% of T.S.'s reasonable uncovered health expenses.

¶3        Two years later, Father, who had moved to California and remarried, petitioned to modify the child support order, alleging that the payment amount took over 40% of his salary and that his monthly payment should be lower. Mother, who had moved to New York with T.S., counter-petitioned to enforce the order, alleging that Father had failed to make his child support payments and failed to pay his half of T.S.'s reasonable uncovered health expenses. Mother also alleged that Father owed a substantial amount in arrearages.

¶4        The family court held an evidentiary hearing on the two petitions, then modified Father's child support payments to $906.65 and entered a judgment of $1,359.40 against him for his half of T.S.'s uncovered medical expenses. Further, the family court ordered Father to pay $250.00 per month to reduce his arrearage obligation, which the parties later agreed totaled $18,439.90. Soon thereafter, Father moved for reconsideration of the order alleging that the family court improperly calculated the amount and that he could not afford to pay it, but the family court denied the motion.

¶5        Father petitioned to modify the child support order again a year later. He alleged that he could not afford to make the two required monthly payments for child support and his arrearage obligation because he had recently been laid off from work and was receiving unemployment benefits. Mother counter-petitioned to increase the child support, alleging that because Father failed to provide evidence showing that he actively sought employment, the family court should attribute to him the same income as before. Mother also petitioned to enforce the effective child support order because Father was not making payments.

¶6          After an evidentiary hearing, the family court modified Father's monthly child support payments to $286.09 and ordered him to pay $2,000 every four months until he satisfied his entire arrearage obligation. Father moved for reconsideration, arguing that the order caused an undue burden on him. The family court denied the motion and noted that Father paid over $900.00 per month on upscale vehicles and could therefore afford to comply with the order.

¶7          Mother later petitioned the family court to modify the child support order. Mother alleged that Father had gained employment two months after the previous order, but that he did not notify the family court. Mother's petition included expenses for private school tuition and child care for T.S. Father submitted a financial affidavit showing that he earned an annual salary of $60,000—an increase from his previous income while unemployed. The affidavit also showed that Father was employed in Georgia and that he had another child. Additionally, Father objected to T.S.'s private school tuition being included in the child support calculation.

¶8          The family court held an evidentiary hearing and subsequently ordered Father to make monthly child support payments of $613.16. The order also required Father to make monthly payments of $250.00 until he satisfied his arrearage obligation. Finally, the order required T.S. to remain enrolled in his private school unless otherwise agreed upon. The family court filed with its order a Child Support Worksheet ("Worksheet") on which it noted the factors used to calculate Father's child support payments. Father timely appealed.

## DISCUSSION

¶9          Father states in his opening brief that the family court abused its discretion by ordering child support that was inconsistent with the Arizona Child Support Guidelines ("Guidelines") but fails to provide any supporting argument or analysis.[1] Father's brief therefore does not comply with Arizona Rule of Civil Appellate Procedure 13; it does not contain any of the required components or "contentions concerning each issue

---

[1]          Mother did not file an answering brief. We may regard a failure to file an answering brief as a confession of reversible error, Ariz. R. Civ. App. P. 15(c); *Blech v. Blech*, 6 Ariz. App. 131, 132, 430 P.2d 710, 711 (1967), but are not required to do so, *In re Marriage of Diezsi*, 201 Ariz. 524, 525 ¶ 2, 38 P.3d 1189, 1190 (App. 2002).

presented for review, with supporting reasons for each contention." Ariz. R. Civ. App. P. 13(a). Father's only specific arguments are in his notice of appeal, which cannot be substituted for an opening brief. *Id.;* Ariz. R. Civ. App. P. 8(c) (listing the required components of a notice of appeal, which do not include arguments). In his notice of appeal, Father argues that the family court erred by (1) improperly calculating his child support amount, (2) not canceling its prior arrearages order, and (3) not explaining its deviation from the Guidelines.[2] Consequently, Father has waived these three arguments. *See Van Loan v. Van Loan*, 116 Ariz. 272, 274, 569 P.2d 214, 216 (1977) ("The failure to raise an issue . . . in briefs on appeal constitutes a waiver of the issue."); *see also In re Marriage of Williams*, 219 Ariz. 546, 549 ¶ 13, 200 P.3d 1043, 1046 (App. 2008) (stating that an appellant representing himself is held to the same level of knowledge regarding the required procedures and applicable laws as attorneys).

¶10 Nevertheless, even if we considered the merits of the arguments in Father's notice of appeal, the family court did not abuse its discretion in calculating and ordering child support. First, Father argues that the family court abused its discretion in improperly calculating the child support order by (1) not considering the substantial and continuing change of circumstances he experienced, including a cross-country move, new monthly expenses, and having another child; (2) attributing to him a larger monthly income and child support payment than he qualified for; and (3) wrongfully considering T.S.'s child care and private school tuition expenses. We review child support awards for an abuse of discretion. *McNutt v. McNutt*, 203 Ariz. 28, 30 ¶ 6, 49 P.3d 300, 302 (App. 2002). We defer to the family court's factual findings and affirm unless clearly erroneous. *Danielson v. Evans*, 201 Ariz. 401, 406 ¶ 13, 36 P.3d 749, 754 (App. 2001). However, we review the family court's interpretation of the Guidelines de novo. *Clay v. Clay*, 208 Ariz. 200, 202 ¶ 5, 92 P.3d 426, 428 (App. 2004).

¶11 Arizona adopted the Guidelines, codified in A.R.S. § 25–320 appendix §§ 1–29, to establish "a standard of support for children consistent with their needs and the ability of parents to pay, and to make child support

---

[2] Father also requests that this Court hold Mother in contempt for failing to comply with the family court's orders regarding the exchange of T.S.'s school information and reimbursement of T.S.'s travel expenses. However, such request should be directed not to this Court but to the family court pursuant to the procedure required by Arizona Rule of Family Law Procedure 92.

awards consistent for persons in similar circumstances." *Cummings v. Cummings*, 182 Ariz. 383, 386, 897 P.2d 685, 688 (App. 1994); Guidelines § 1. Generally, the family court may order reasonable and necessary child support based on the parents' financial resources and may consider all aspects of a parent's income to ensure a just award, including the total financial resources available. *Cummings*, 182 Ariz. at 386, 897 P.2d at 688; Guidelines § 1. Although the family court must apply the Guidelines, it is not required to explicitly state each of its findings in its order. Guidelines § 22. We can infer the findings necessary to uphold the family court's order and may affirm if it is correct for any reason the record supports. *Baker v. Baker*, 183 Ariz. 70, 72, 900 P.2d 764, 766 (App. 1995).

¶12　　　　Here, we infer from the record that the family court made the necessary findings to support its order and find no abuse of discretion. The family court conducted an evidentiary hearing on Mother's petition to modify child support. After the parties testified, the family court issued its order and filed a Worksheet specifying the factors used in calculating Father's child support. Father did not provide a transcript of the hearing on appeal. *See* Ariz. R. Civ. App. P. 11(b)(1) (stating that if an appellant intends to argue that a finding or conclusion is unsupported or contrary to the evidence, he must include in the record a certified transcript of all evidence relevant to the finding or conclusion). In absence of a transcript, we presume that the record supports the family court's rulings, *see Baker*, 183 Ariz. at 73, 900 P.2d at 767, and therefore find no abuse of discretion in its order modifying child support to $613.16.

¶13　　　　Father next argues that the family court abused its discretion by ordering him to pay $250.00 per month to satisfy his arrearages without canceling its prior order, and requests a re-calculation of the arrearages owed. However, Father misreads the modification order. The order states that, "except as modified herein, all prior orders remain in effect." Thus, the prior order requiring him to pay $2,000 every four months is no longer in effect. To the extent that Father requests a re-calculation of the arrearages, he must make that request to the family court. Accordingly, the family court did not abuse its discretion in its order regarding the payment of arrearages.

¶14　　　　Finally, Father argues that the family court abused its discretion by not providing a written explanation for its deviation from the Guidelines. But the family court did not deviate from the Guidelines here and therefore did not abuse its discretion. The Guidelines authorize the family court to deviate from them when application would be "inappropriate or unjust in the particular case." Guidelines § 20(A)(1), (2); *Patterson v. Patterson*, 226 Ariz. 356, 358 ¶ 5, 248 P.3d 204, 206 (App. 2011).

The record here shows that the family court used the Worksheet to calculate Father's child support payments, consistent with the Guidelines. Guidelines § 22 ("The findings may be made by incorporating a worksheet containing this information into the file."). Nothing in the record suggests that the family court deviated from the Guidelines or that any reason to deviate existed. Accordingly, the family court did not abuse its discretion in failing to provide a written explanation.

**CONCLUSION**

¶15        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama