The former husband, D.G. (father), filed a complaint for modification of the divorce judgment in May of 2015, seeking a reduction in child support and an adjustment regarding his contribution to the children's college expenses. The father and the former wife, S.B. (mother), have four children.[2] The college expenses at issue were incurred in connection with the third oldest child's (daughter) enrollment at Salve Regina University. Following trial, a judge of the Probate and Family Court reduced the child support order as a result of another child's emancipation. However, the judge declined the father's request to adjust his financial obligations toward the daughter's college expenses, and entered a judgment of modification requiring the parties to share the cost of the daughter's college education with the father paying thirty-six per cent and the mother paying sixty-seven per cent retroactive to the 2014-2015 school year. On appeal, the father contends that the judge abused her discretion by ordering him to pay educational expenses that were incurred prior to the date he filed his complaint for modification.[3] We affirm.
We summarize the facts found by the judge, all of which are supported by the record.[4] The parties executed a separation agreement on January 23, 2014 (agreement), incorporated but not merged in the judgment of divorce nisi, except for provisions relating to the children. Relevant here is exhibit D to the agreement, which pertains to the parties' obligations relating to the children's postsecondary education. The provisions state in relevant part as follows:
"3. If the costs and expenses associated with the child's college education are not covered by financial aid or loans, each party will contribute, in a percentage calculated according to their respective incomes, to said educational costs and expenses; including, but not limited to tuition, fees, books, meal plan, dormitory costs and school supplies.
"4. The [h]usband and [w]ife shall exchange financial information at the time that the child makes application to college in order to determine the respective financial obligations of the parents and will cooperate fully with the completion of the annual FAFSA application.
...
"6. The within [e]xhibit and obligations as set forth within, apply also to the costs of college testing, applications and any further related costs associated with said preparation for college."
The daughter began attending Salve Regina in the fall of 2014, and was in her junior year at the time of the trial. At that point, the mother had paid all of the daughter's college expenses, totaling approximately $25,000. After the trial, at which both parties testified, the judge found that the father failed to meet his burden of showing that "a material and substantial change in the circumstances of the parties has occurred and the judgment of modification is necessary in the best interests of the children." G. L. c. 208, § 28.
In reaching her conclusion, the judge rejected the father's argument that he should not be required to contribute to the daughter's college expenses, as required by the agreement, because he did not know that she was attending a private university. The judge found this claim not credible in light of the father's admission that he had paid for one-half of the daughter's $700 enrollment fee and had contributed to the cost of books and athletic fees. The judge also rejected the father's assertion that the mother had failed to provide him with information regarding the daughter's expenses and correctly observed: "Father's obligation to contribute to the children's college expenses is not contingent upon such notification." The judge then calculated the father's share of the cost of the daughter's college education in accordance with the contribution formula contained in the parties' agreement and ordered the father to pay thirty-six per cent of the daughter's college expenses commencing with the 2014-2015 school year and continuing until the daughter's graduation. The father also was required to reimburse the mother for his share of expenses (thirty-six per cent) incurred between the fall of 2014 and the fall of 2016.
We discern no error of law or abuse of discretion. The judge's findings were more than adequate to support her conclusion that no material and substantial change warranting a modification to the parties' agreement pertaining to payment of college expenses had occurred. The judge properly focused on the provision set forth in exhibit D to the parties' agreement in which the "parties agreed to a certain allocation of college expenses between them at the time of their divorce." As noted, the agreement states: "[E]ach party will contribute, in a percentage calculated according to their respective incomes, to said educational costs and expenses." Based on the financial information presented during trial, the judge properly calculated the parties' proportional shares, concluding that the father's share amounted to thirty-six per cent of the expenses.[5]
Furthermore, we discern no merit to the father's assertion that the modification judgment amounts to a retroactive child support order. The judge had the equitable authority to order him to reimburse the mother for thirty-six per cent of the costs the mother previously paid in educational expenses. See Calabria v. Calabria, 91 Mass. App. Ct. 763, 766 (2017) ("giving effect to the parties' agreement where it operates to increase support payments in the manner agreed by the parties, and where it is in the best interest of the child [as the judge here found], is consistent with the articulated public policy of the Commonwealth that dependent children shall be maintained, as completely as possible, from the resources of their parents" [quotation omitted] ).[6]
Modification judgment dated March 21, 2017, affirmed.

At the time of the divorce in January of 2014, three children were unemancipated.

The mother has not filed a responsive brief. In reaching our conclusions in this case we have not considered the mother's letter filed with this court on May 16, 2018. As a result, we take no action on the husband's motion to strike the letter.

"A trial court's findings of fact will be upheld unless shown to be clearly erroneous." Rosen v. Rosen, 90 Mass. App. Ct. 677, 692 (2016), quoting Martin v. Martin, 70 Mass. App. Ct. 547, 548-549 (2007). See Mass. R. Dom. Rel. P. 52 (a).

The judge had before her the parties' current financial statements, and each party's 2015 Form W-2 and individual tax returns.

To the extent we have not addressed any other issues raised, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).